MONTGOMERY WARD & CO., INC., *v.* FRY.

1. COMMERCE — INTERSTATE COMMERCE — TAXATION — MAIL ORDER SALES.

    Mail order sales upon catalog orders of customers, forwarded by taxpayer's retail stores in this State to mail order house in another State for acceptance, filling and shipment from there to, or for, such customers *held*, in the course of interstate commerce and beyond the taxing power of the State (Act No. 167, Pub. Acts 1933, as amended).

2. STATUTES—SCOPE OF TAX LAWS NOT EXTENDED BY IMPLICATION.
    The scope of tax laws may not be extended by implication or forced construction.

3. SAME—DUBIOUS LANGUAGE NOT RESOLVED AGAINST TAXPAYER.
    The language of tax laws may be made plain, and if it is dubious it is not resolved against the taxpayer.

4. TAXATION—SALES—DEFINITION.
    The sales tax is not a property tax but a privilege tax imposed upon the privilege of making retail sales, measured by the gross proceeds of such sales, less deductions allowed by statute (Act No. 167, Pub. Acts 1933).

5. COMMERCE—INTRASTATE—INTERSTATE—TAXATION.
    Goods, shipped into this State for local sale and sold therein, are in the course of intrastate commerce but where they are located in another State and sold, to be shipped from such State to this State and not to be here resold, are in the course of interstate commerce and while such merchandise may be subjected to a property tax when at rest in this State, no privilege tax may be imposed thereon.

6. SAME—INTERSTATE COMMERCE—TAXATION.
    States cannot tax interstate commerce, either by laying the tax upon the business which constitutes such commerce or the privilege of engaging in it, or upon the receipts, as such, derived from it.

7. TAXATION—INTERSTATE COMMERCE—GENERAL SALES TAX ACT—
INTENT—STATE BOARD OF TAX ADMINISTRATION.

The general sales tax act *held*, intended to have expressly nega-
tived inclusion of taxation of interstate commerce, hence, state
board of tax administration, created and empowered by the
act, exceeded its powers in acting otherwise (Act No. 167,
Pub. Acts 1933).

8. COMMERCE — MIXED INTRASTATE AND INTERSTATE COMMERCE —
PRIVILEGE AND OCCUPATION TAXES.

The fact that a portion of a business is intrastate and, therefore,
subject to privilege or occupation taxes, does not justify a tax
either upon the interstate business or upon the whole business
without discrimination.

9. TAXATION—RECEIPTS—SALES.

A tax upon receipts is a burden upon sales.

10. SAME—INTERSTATE COMMERCE—SALES.

The sales tax, in so far as it is a burden on interstate commerce
directly when levied upon or measured by the operation of
interstate commerce or gross receipts derived therefrom *held*,
unconstitutional (Act No. 167, Pub. Acts 1933).

11. SAME—MAIL ORDER SALES—DELIVERY DIRECT TO CUSTOMER IN
INTERSTATE COMMERCE.

Sales tax, paid under protest, upon catalog orders of merchandise
where customer paid price at taxpayer's retail store in this
State, order was sent by it to manufacturer in another State
for acceptance, filling and shipment direct to the customer in
this State and manufacturer's account was charged to retail
store in this State *held*, recoverable by taxpayer, there being
no privity of contract between customer and manufacturer or
wholesaler, the purchase having been made by taxpayer for
customer and delivery made directly to latter in direct and
unbroken interstate commerce with neither possession at rest
nor title thereto ever in the taxpayer.

12. COMMERCE—INTERSTATE—PREPAYMENT OF PURCHASE PRICE—
SALES TAX.

Prepayment to taxpayer of purchase price for goods by customer
in this State and making of bookkeeping charge in foreign
State *held*, not to change interstate character of transaction
whereby goods ordered for customer by taxpayer were ac-
cepted by, and goods shipped from, out of State manufacturer
directly to customer in this State, hence such sales are not
subject to State sales tax (Act No. 167, Pub. Acts 1933).

13. APPEAL AND ERROR—WAIVER OF APPEAL FROM REFUND OF SALES TAX.

> Judgment refunding tax on merchandise used and consumed by retail store of foreign corporation in operation of business in this State is affirmed where State board of tax administration waives its appeal therefrom.

14. TAXATION — CONDITIONAL SALES CONTRACTS — TITLE-RETAINING CONTRACTS—REPOSSESSION—REFUND OF SALES TAX.

> Taxpayer which had sold goods on conditional sales or title-retaining contracts, collected tax thereon from customer at time of sale, paid tax to State as collections were made on contract, and made no refund to purchaser at time of repossession *held*, not entitled to refund from State of sales tax on unpaid balance of such canceled contracts (Act No. 167, Pub. Acts 1933).

15. SAME—SALES—CREDITS—REFUNDS—REPOSSESSION—CONDITIONAL SALES CONTRACTS.

> Statutory deduction from gross proceeds, permissible in the case of credits or refunds for returned goods, *held*, not applicable to repossession of merchandise under conditional sales contracts (Act No. 167, Pub. Acts 1933).

16. SAME—SALES—GROSS PROCEEDS—COMPUTATION.

> Gross proceeds of a sale, taxable under the general sales tax act, *held*, the price fixed at the sale, paid in money in part and second-hand articles accepted at an arbitrary figure by the seller, not the cash and the actual market value of the article traded in (Act No. 167, Pub. Acts 1933).

17. SAME — AMENDATORY STATUTES — RETROACTIVE OPERATION—EXEMPTIONS—AGRICULTURAL PRODUCTION.

> Purpose of amendatory act exempting taxable personal property for consumption or use in agricultural production is fulfilled by restraint upon collections after its enactment, and, since it cannot operate retroactively, taxes paid under protest upon goods sold prior to effective date of amendment may not be refunded (Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935).

18. COSTS—PUBLIC QUESTION—GENERAL SALES TAX ACT—CONSTRUCTION.

> No costs are allowed in action to collect refunds under general sales tax act where public questions are involved in the construction of various phases of the statute (Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935).

Appeal from Ingham; Carr (Leland W.), J. Submitted June 10, 1936. (Docket No. 84, Calendar No. 38,925.) Decided October 5, 1936.

Assumpsit by Montgomery Ward & Company, Inc., an Illinois corporation, against Theodore I. Fry, State Treasurer, and others individually and collectively as the State Board of Tax Administration, to recover sales taxes paid under protest. From judgment for plaintiff, defendants appeal. Plaintiff cross-appeals. Affirmed in part, reversed in part.

*Brown, Gregg, Thompson & Glassen, Wildermuth, Force & Barr* and *Robert L. Wright,* for plaintiff.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd* and *Arthur T. Iverson,* Assistants Attorney General, for defendants.

*Clark, Klein, Ferris & Cook, amici curiæ.*

WIEST, J., This suit was brought by plaintiff to recover sales taxes, levied by the State board of tax administration, under claim of right by virtue of Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935, known as the general sales tax law, and paid by plaintiff under protest.

The declaration contains six counts.

### COUNT ONE.

Under count one plaintiff seeks recovery of exacted taxes upon catalog orders of customers, forwarded by its retail stores to its mail order house in Chicago for acceptance, filling and shipment from there to or for such customers. Such catalog mail orders, so sent from this State and accepted, filled in, and the merchandise shipped from, the State of

Illinois, and here involved, amounted to the sum of $253,440.29, and the tax levied thereon amounted to $7,603.21. Defendant appeals from the judgment for recovery of this tax.

Plaintiff maintains many retail stores in this State where it sells wares and merchandise. Upon such sales the tax attaches, has been paid and is not here involved. Plaintiff's home office and main supply house is in Chicago. Its catalog, descriptive of offered merchandise, and soliciting purchases thereof through mail orders sent to that city and there to be accepted and filled and shipment made, has a wide circulation and copies thereof are in retail stores in this State. Such mail order sales and shipments were in the course of interstate commerce and beyond the taxing power of the State.

The attorney general states:

"Since the effective date of the Michigan general sales tax law (Act No. 167, Pub. Acts 1933, as amended) the State board of tax administration has been confronted with several rather perplexing problems which in its judgment can be set at rest only by a court of last resort. And it has been the rather commendable policy of members of that board consistently to resolve any reasonable doubt in respect to any particular question presented, in favor of the taxing power of this State."

There is no appeal in that statement.

"The scope of tax laws may not be extended by implication or forced construction. Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer." *In re Dodge Brothers,* 241 Mich. 665, 669.

The tax act, in section 4, specifically directed that attention be given to, and observance had relative to, the proceeds of business "which are exempt from

taxation by reason of the provisions of the Constitution of the United States or the Constitution of Michigan.''

The sales tax is not a property tax but a ''privilege tax imposed upon the privilege of making retail sales, measured by the gross proceeds of such sales, less deductions allowed by statute.'' *C. F. Smith Co.* v. *Fitzgerald,* 270 Mich. 659, 686.

The question of interstate commerce, here presented, has been too long settled to admit of any doubt. Wares and merchandise, shipped into a State for local sale and sold therein, are in the course of intrastate commerce. But wares and merchandise, located in another State and sold, to be shipped from such State to this State and not to be here resold, constitute interstate commerce and, while such merchandise may be subjected to a property tax when at rest in this State, no privilege tax may be imposed. See *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489 (7 Sup. Ct. 592).

It has long been settled, as stated in *State of Minnesota* v. *Blasius,* 290 U. S. 1, 9 (54 Sup. Ct. 34), that:

''Thus, the States cannot tax interstate commerce, either by laying the tax upon the business which constitutes such commerce or the privilege of engaging in it, or. upon the receipts, as such, derived from it.''

That case points out the distinction between a property tax and a privilege or sales tax.

The Michigan general sales tax is valid if limited to intrastate commerce, and this is conceded by plaintiff, but if extended to include receipts from interstate commerce without power of excision thereof then it would have to be held void. The framers of the act have expressly negatived any

such inclusion, and the board exceeded its powers in acting otherwise.

In *Cooney* v. *Mountain States Telephone & Telegraph Co.*, 294 U. S. 384, 392 (55 Sup. Ct. 477), it was again stated:

"There is no question that the State may require payment of an occupation tax from one engaged in both intrastate and interstate commerce. But a State cannot tax interstate commerce; it cannot lay a tax upon the business which constitutes such commerce or the privilege of engaging in it. And the fact that a portion of a business is intrastate and, therefore, taxable does not justify a tax either upon the interstate business or upon the whole business without discrimination."

A tax upon receipts is a burden upon sales.

In *East Ohio Gas Co.* v. *Tax Commission of Ohio*, 283 U. S. 465, 469 (51 Sup. Ct. 499), it was said:

"The question is whether the State statute, construed to include the amounts reported as receipts from interstate business, operates directly to regulate or burden interstate commerce.

"Admittedly the exaction is not a tax on property nor in lieu of a property tax. The statute calls it, and in fact it is, a tax for the privilege of carrying on intrastate business. Receipts from interstate business are expressly excluded from the calculation. It is elementary that a State can neither lay a tax upon the act of engaging in interstate commerce nor on gross receipts therefrom," citing *Pullman Co.* v. *Richardson*, 261 U. S. 330 (43 Sup. Ct. 366); *New Jersey Bell Telephone Co.* v. *State Board of Taxes and Assessments of New Jersey*, 280 U. S. 338 (50 Sup. Ct. 111).

The sales tax is a burden on interstate commerce directly when levied upon or measured by the opera-

tion of interstate commerce or gross receipts derived therefrom.

In *Cook* v. *Pennsylvania,* 97 U. S. 566, it was held that a tax on the amount of an auctioneer's sales was a tax on the goods sold.

It has been held that a tax on the sale of an article, imported for sale, is a tax on the article itself. *Brown* v. *State of Maryland,* 12 Wheat. (25 U. S.) 419. See, also, *Stewart Dry Goods Co.* v. *Lewis,* 294 U. S. 550 (55 Sup. Ct. 525).

Upon the subject here presented see *Heyman* v. *Hays,* 236 U. S. 178 (35 Sup. Ct. 503); *Furst & Thomas* v. *Brewster,* 282 U. S. 493 (51 Sup. Ct. 295); *International Text Book Co.* v. *Pigg,* 217 U. S. 91 (30 Sup. Ct. 481, 27 L. R. A. [N. S.] 493, 18 Ann. Cas. 1103); *People* v. *Bunker,* 128 Mich. 160; *Fifth Avenue Library Society* v. *Hastie,* 155 Mich. 56; *Despres, Bridges & Noel* v. *Zierleyn,* 163 Mich. 399.

The judgment under count one is affirmed.

### COUNT TWO.

Count two seeks to recover the sales tax, exacted and paid under protest, upon catalog orders of merchandise where the customer paid the price at the retail store in Michigan and the order was sent by the retail store to the manufacturer in another State (not plaintiff) for acceptance, filling and shipment of the merchandise to the customer in this State. The manufacturer's account was charged to the retail store in this State, and the plaintiff's Chicago mail order house had no connection with sales of this class beyond its catalog solicitation.

Such sales amounted to $76,970.27 and the sales tax exacted thereon to $2,309.11.

Plaintiff appeals from the judgment denying refund of this tax.

The circuit judge found no privity of contract between the customer and the manufacturer or wholesaler, but rather—"a purchase by plaintiff of the desired article from the wholesaler or manufacturer, and the resale thereof to the customer, such resale being consummated when the merchandise was delivered to the customer in this State."

The purchase was from a third party in another State, by plaintiff in behalf of a customer, and delivery was made directly to the purchaser in fact, within this State from the manufacturer in another State in direct and unbroken interstate commerce. Neither possession at rest nor title thereto was ever in plaintiff. A contrary holding would render the result of such transaction wholly opposite to the facts. From start to finish it was intended by all parties to employ the means of interstate commerce directly between the purchaser and the manufacturer.

Counsel for plaintiff aptly draw the line, applicable to the instance at bar, by saying:

"We recognize the doctrine that the sale of property which has come to rest in Michigan, even though it has passed in interstate commerce, is subject to State taxation. As witness Deng testified:

" 'We have many sales where we order the merchandise from the manufacturer and have it shipped to the store and then the store delivers it to the customer. These sales, however, are not included in Class B.' (Second count of the declaration.)

"In other words, the plaintiff has at all times recognized the rule of the *Banker Brothers Company Case* (222 U. S. 210 [32 Sup. Ct. 38]), and has voluntarily paid the sales tax on sales of that nature."

Exaction of the sales tax on merchandise, ordered from a manufacturer or wholesaler in another State, by plaintiff at the request of customers, and shipped

directly to the customers in this State, though the price thereof is paid at the time of order at plaintiff's retail store and the manufacturer or wholesaler looks to plaintiff for pay, places a burden on interstate commerce and cannot be sustained. The ordering and shipment of the goods constituted interstate commerce and the character of the transaction was not changed by prepayment in this State and the bookkeeping charge made in the foreign State.

Plaintiff is entitled to judgment on count two, and the judgment entered in the circuit court is reversed.

### COUNT THREE.

Count three seeks refund of the sales tax upon merchandise used and consumed by the retail stores in the operation of business.

Defendant waives its appeal from the judgment refunding such tax, and the judgment thereon in the circuit court is affirmed.

### COUNT FOUR.

Count four seeks refund of the sales tax upon the unpaid balance on canceled conditional sales contracts, where there had been recapture of the merchandise. Plaintiff appeals from an adverse holding.

The act of 1933 included conditional sales and other title-retaining contracts and levied the sales tax upon the gross proceeds and defined the gross proceeds as "the amount received in money, credits, property or other money's worth in consideration of sales at retail within this State, without any deduction * * * for losses," but an allowance of refunds for returned goods.

Plaintiff's former district supervisor for Michigan, during the period here involved, and now an assistant retail [regional] manager, testified relative to such conditional sales:

"Count Four, Class D, relates to the sale of items of merchandise upon which we take a title-retaining contract. We collect the sales tax from the customer when the sale is made. At the time of repossession, we make no refund of sales tax to the customer. When this merchandise is repossessed, we re-sell it through the regular channels of our business as second-hand merchandise. * * *

"During the period of time in question we paid the tax as we collected the money. Our procedure has been changed since that time. In other words, at that time we did not pay the sales tax when the sale was made but we paid the sales tax as the money was collected. I know that was the fact although I don't know what the law required."

Under this testimony there can be no refund. Under the statute credits or refunds for returned goods may be deducted but such does not apply to repossession of merchandise under conditional sales contracts.

Denial of judgment for this item is affirmed.

### Count Five.

Count five seeks computation of the sales tax in case of sales at retail, partly in cash and partly in used merchandise, upon the sum of money paid and the actual market value and not the credit arbitrarily allowed for second-hand articles.

Plaintiff appeals from a holding that the gross proceeds of such a sale is the sum of money received, plus the amount allowed the purchaser for such used article.

The gross proceeds of such a sale constitutes the price fixed at the sale, paid in money in part and second-hand articles accepted at an arbitrary figure by the seller. The loss, if any, in such transactions, as well as the profit, if any, is that of the plaintiff without any share therein by the State.

In the circuit court plaintiff did not recover for this item and the judgment thereon is affirmed.

### Count Six.

Count six seeks refund of the sales tax on merchandise provided for use in agricultural production from July 1, 1933, to July 31, 1934.

This involves construction and applicability of Act No. 77, Pub. Acts 1935, by which the legislature amended and attempted to define in this particular the scope of Act No. 167, Pub. Acts 1933, creating the sales tax.

Act No. 167, Pub. Acts 1933, carried no exemption of tangible personal property for consumption or use in "agricultural producing" (*Boyer-Campbell Co. v. Fry*, 271 Mich. 282 [98 A. L. R. 827]), but the amendment (Act No. 77, Pub. Acts 1935) so provides, and states that the amendment—"shall be construed as declaratory of the intention of the legislature in the enactment of act number one hundred sixty-seven of the public acts of nineteen hundred thirty-three, and the State board of tax administration shall not collect or receive any tax upon the gross proceeds of any sales not taxable under this act as amended."

The tax here involved and its payment under protest preceded the amendment but plaintiff seeks to have the amendment operate retroactively and thus permit return of the tax so paid under such declaration of previous intention. Such declaration of leg-

islative intention cannot so operate; its purpose is fulfilled by the restraint upon collections thereafter.

Denial of judgment upon such claim is affirmed.

The case is remanded to the circuit court to enter judgment in accord with this opinion. Public questions being involved, there will be no costs.

NORTH, C. J., and FEAD, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, POTTER and TOY, JJ., did not sit.