RUDOLPH WURLITZER CO. *v.* STATE BOARD OF TAX ADMINISTRATION.

1. Taxation—Sales Tax—Conditional Sales—Repossession—Refunds.

Upon conditional sales the sales tax is computed on the full sale price and upon recapture of the property for nonpayment of the instalments there is no refund of purchase price hence no right to credit for sales tax on unpaid balance (Act No. 167, § 1 [b. 1], Pub. Acts 1933).

2. STATUTES—ADMINISTRATIVE CONSTRUCTION.

> Holding by State board of tax administration that taxpayer was entitled to credit on goods he repossessed after sale under conditional sales contract is not controlling as Supreme Court turns to the statute for the law (Act No. 167, § 1 [b. 1], Pub. Acts 1933).

Appeal from Wayne; Callender (Sherman D.), J. Submitted July 2, 1937. (Docket No. 25, Calendar No. 39,332.) Decided October 4, 1937.

Assumpsit by Rudolph Wurlitzer Company, a Michigan corporation, against Leon D. Case, Secretary of State, and others, as members of the State Board of Tax Administration, and the State Board of Tax Administration to recover taxes paid under protest. Judgment for plaintiff. Defendants appeal. Reversed.

*Douglas, Barbour, Desenberg & Purdy,* for plaintiff.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for defendants.

WIEST, J.    Act No. 167, Pub. Acts 1933, commonly known as the Michigan general sales tax act, levies on sales at retail three per cent. of the gross proceeds thereof, less certain deductions not here involved, and provides that "Credits or refunds for returned goods may be deducted."

Plaintiff sold merchandise at retail under conditional sales contracts, paid the tax upon the full contract price but upon recapture of the merchandise took credit for the amount of the tax so paid above the amount of the money received.

This amounted to quite a sum and, coming to the attention of the tax authorities, led to a demand that the amount of such taken credits be paid and thereupon plaintiff paid the same under protest and upon being refused refund thereof brought this action to have recovery.

The court below awarded plaintiff judgment and defendants review by appeal presenting the following question:

"May a licensee in making its monthly returns pursuant to the Michigan general sales tax act (Act No. 167, Pub. Acts 1933) lawfully deduct from gross proceeds of retail sales any unpaid balances on canceled conditional sales contracts, 'where there has been recapture of the merchandise?'"

The general sales tax statute, Act No. 167, Pub. Acts 1933, provides, § 1, subd. (b. 1):

"The term 'sale at retail' includes conditional sales, instalment lease sales and any other transfer of such property when the title is retained as security for the purchase price but is intended to be transferred later."

It also provides:

"Credits or refunds for returned goods may be deducted." § 1, subd. (c).

Upon conditional sales the tax is computed on the full sale price and upon recapture of the property for nonpayment of instalments there is no refund or right to credit.

We had occasion in *Montgomery Ward & Co., Inc., v. Fry,* 277 Mich. 260, to consider the question here presented. In that case count four of the declaration sought refund of the sales tax upon the unpaid balance on canceled conditional sales contracts where

there had been recapture of the merchandise. Upon this point we held:

"Under the statute credits or refunds for returned goods may be deducted but such does not apply to repossession of merchandise under conditional sales contracts."

Counsel for plaintiff in the case at bar state:

"That decision seemed to be based wholly on the fact that the general sales tax, § 1, subd. (b), states:

" 'The term "sale at retail" includes conditional sales, instalment lease sales, and any other transfer of such property when the title is retained as security for the purchase price but is intended to be transferred later.'

"We agree with that decision and with the attorney general that goods sold on conditional sales contracts are subject to this tax and the record shows that plaintiff in this case, when making a sale on conditional sales contract, paid the full amount of the tax to the State of Michigan in its next monthly return. Our contention is, however, and it was apparently not strongly argued in the *Montgomery Ward Case*, that under the clause 'credits or refunds for returned goods may be deducted,' that we are entitled to such credits or refunds when goods are necessarily repossessed by the seller."

We again hold that the statutory provision permitting the seller to deduct credits or refunds for returned goods relates to transactions wholly apart from conditional sales. Merchandise is sometimes returned by a purchaser and refund of the purchase price made or credited. Such is not the case under conditional sales.

Counsel for plaintiff calls attention to the fact that while plaintiff's claim was denied by the State board of tax administration that that board has since held to the contrary. We note the fact but turn to the statute for the law.

Plaintiff can have no recovery, and the judgment in the circuit court is reversed without a new trial, with costs to defendants.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.