GARDNER-WHITE CO. *v.* STATE BOARD OF TAX
ADMINISTRATION.

1. STATUTES—CONSTRUCTION OF TAX LAWS.
   Tax laws are to be construed liberally in favor of the taxpayer.

2. SAME—INTENT.
   The primary rule governing the interpretation of statutes is to
   ascertain and give effect to the intention of the legislature.

3. SAME—CONSTRUCTION OF OBSCURE LANGUAGE.
   Where the language of a statute makes its meaning obscure, it
   is the duty of the courts to construe, giving it a reasonable
   and sensible interpretation; but where the language is clear
   and unambiguous, it is only for the courts to obey and enforce
   it.

4. SAME—CONSTRUCTION TO PREVENT ABSURDITY AND FAVOR PUBLIC
   CONVENIENCE.
   Statutes will be construed in the most beneficial way which
   their language will permit to prevent absurdity, hardship or
   injustice; to favor public convenience and to oppose all prej-
   udice to public interests.

5. TAXATION—SALES TAX—DEFINITION.
   The State sales tax is not a property tax but a privilege tax im-
   posed upon the privilege of making retail sales, measured by
   the gross proceeds of such sales, less deductions allowed by
   statute (Act No. 167, Pub. Acts 1933, as amended).

6. SAME—CONDITIONAL SALES—COMPUTATION OF SALES TAX.
   Upon conditional sales the sales tax is computed on the full sale
   price and upon recapture of the property for nonpayment of
   instalments there is no refund or right to credit (Act No.
   167, § 1, Pub. Acts 1933, as amended).

(225)

7. SAME—SALE DIRECTLY FROM PRODUCER TO CONSUMER.

When sales are made directly from producer to consumer the sales tax attaches the instant a sale is made (Act No. 167, § 1, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

8. SAME—AMENDMENT OF SALES TAX ACT—MONTHLY RETURNS.

The purpose of the amendment of the general sales tax act requiring taxpayer to make monthly return and remittance of tax for the preceding month is to provide for monthly returns and payment of the tax by the 15th of the month "next succeeding the month in which the tax accrued" (Act No. 167, § 6, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

9. SAME — TITLE-RETAINING CONTRACT — SALES TAX—INSTALMENT PAYMENTS.

From the time a title-retaining contract is signed by the debtor and accepted by the creditor, the sales tax becomes due and payable at once regardless of the fact that it may involve instalment payments which are extended over a period of time (Act No. 167, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

10. SAME—CREDIT AS USED IN SALES TAX ACT.

The term "credit" as used in the sales tax act defining the term "gross proceeds" upon which the tax is based refers to a charge on account, made upon the sale of the merchandise, and represents a type of property that is capable of being borrowed upon or discounted at financial institutions; it is an item of personal property just as much as a share of stock or a bond, chattel mortgage, real estage mortgage or other form of collateral (Act No. 167, § 1, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

11. SAME—COLLECTION OF INSTALMENT PAYMENT—BAD DEBTS.

Since the State sales tax becomes due when a contract is accepted by both seller and buyer, the taxpayer is not entitled to compute the tax as and when each instalment is actually made on its conditional sales contract, nor may any deduction be made for bad debts or credit losses (Act No. 167, §§ 1, 6, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

12. COSTS—CONSTRUCTION OF STATUTE.

In proceeding for declaration of rights under the State sales tax law, no costs are allowed where a construction of the statute is involved (3 Comp. Laws 1929, § 13903; Act No. 167, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 24, 1940. (Docket No. 63, Calendar No. 41,305.)  Decided January 7, 1941.

Bill by Gardner-White Company and Holmberg Lumber & Supply Company, Michigan corporations, against Miller Dunckel, State Treasurer, and others, individually and as the State Board of Tax Administration, for a declaration of rights as to the proper construction of the sales tax act. Decree for defendants. Plaintiffs appeal. Affirmed.

*Arthur T. Iverson,* for plaintiff.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd* and *T. Carl Holbrook,* Assistants Attorney General, for the defendants.

SHARPE, C. J.  Plaintiffs filed their petition for declaration of rights under Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 [Stat. Ann. § 27.501]), requesting construction of Act No. 167, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3663-1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 7.521 *et seq.*), known as the general sales tax act.

The facts are not in dispute.  Appellants are Michigan corporations engaged in the business of selling at retail tangible personal property for consumption or use within the State and, as such, are licensees and taxpayers under the above act.  The plaintiff Gardner-White Company is engaged in the business of selling household furniture at retail in the city of Detroit and for such purpose operates three stores located at 6309 Mack avenue, 7000 Fenkell avenue, and 5607 West Fort street, respectively.  In the sale of furniture and other items

of merchandise, the predominant method of selling by plaintiff Gardner-White Company is upon title-retaining contract by which it retains title to the merchandise until the terms of the contract are complied with. A substantial portion of Gardner-White Company's gross business is conducted in such manner. Plaintiff Holmberg Lumber & Supply Company is engaged in the business of selling at retail, lumber and other building supplies, within the city of Detroit, and the said place of business is located at 8341 Epworth boulevard in the city of Detroit. It was stipulated that the plaintiff Gardner-White Company has for the last past one year and upwards paid sales tax on the approximate basis of receipts from various of such sales as received and has deducted from its sales tax returns from time to time so-called credit losses on bad debts when the same have been found by them to be entirely uncollectible; and that the Holmberg Lumber & Supply Company, since its organization, has paid tax to the State of Michigan upon the basis of its receipts as and when actually received as payment on accounts resulting from sales at retail.

Plaintiffs filed a petition in the circuit court of Wayne county and asked the chancery court for the following relief:

"A. That the balance due on title-retaining or other purchase-money contracts resulting from sales at retail under the [general sales tax] act, constitutes no part of the 'gross proceeds' upon which said tax is based.

"B. That the amount of 'bad debts' or 'credit losses' of the plaintiffs and other taxpayers, not actually collected by the plaintiffs and other taxpayers as a result of sales at retail under said act, constitutes no part of the 'gross proceeds' upon which said tax is based.

"C. That in case of sales at retail made upon a deferred payment basis, the amount due upon such deferred payments constitutes no part of the 'gross proceeds' until such time as the same is actually collected by these plaintiffs and other taxpayers."

The trial court held that under the term "gross proceeds" as defined by the legislature, the tax to be computed on plaintiffs' sales at retail became due and payable forthwith; and that no deductions were allowable for "bad debts," "credit losses," or unpaid instalments on title-retaining contracts or other credit extensions.

The particular section of the general sales tax act to be construed is Act No. 167, § 1, subd. g, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939, which reads as follows:

"The term 'gross proceeds' means the amount received in money, credits, property or other money's worth in consideration of sales at retail within this State, without any deduction on account of the cost of the property sold, the cost of materials used, the cost of labor or services purchased, amounts paid for interest or discounts, or any other expenses whatsoever, nor shall any deduction be allowed for losses. Credits or refunds for returned goods may be deducted: *Provided, however,* That after original sale at retail of tangible property, upon which the full tax has been paid, when used tangible personal property of like kind and nature is taken in exchange or part payment of the consideration of a sale at retail, and such property is, or is to be held by the taxpayer for the purpose of resale in the form of personal property, the credit allowed on account of such trade-in shall not be included as part of the gross proceeds of sale: *Provided,* That said taxpayer shall be liable for the privilege tax, imposed under this act, on the full credit allowed, such liability to attach at the time

of the resale of the property, so taken, and the resale of said property shall be considered a sale at retail under the provisions of this act."

In our discussion of this case and the construction of the above statute, we have in mind that tax laws are to be construed liberally in favor of the taxpayer. See *Standard Oil Co.* v. *State of Michigan,* 283 Mich. 85.

The primary rule governing the interpretation of statutes is to ascertain and give effect to the intention of the legislature.

In *City of Grand Rapids* v. *Crocker,* 219 Mich. 178, 182, we said:

"All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary."

In *Boyer-Campbell Co.* v. *Fry,* 271 Mich. 282, 297 (98 A. L. R. 827), we said:

" 'Where the language of a statute makes its meaning obscure, it is the duty of the courts to construe, giving it a reasonable and sensible interpretation; but where the language is clear and unambiguous, it is only for the courts to obey and enforce it.' *Crary* v. *Marquette Circuit Judge,* 197 Mich. 452.

" 'Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship or injustice; to favor public convenience and to oppose all prejudice to public interests.' 2 Lewis' Sutherland Statutory Construction (2d Ed.), § 490."

Defendants urge that the language used in the above section is plain and needs no interpretation or construction; that the section which defines the terms and limits the scope of the tax act does not

create exemptions and is not subject to a strict construction against one who claims such a privilege; and that the State board of tax administration has made no attempt to extend the scope of the act beyond the clear import of its language.

We have had occasion to construe the general sales tax act.

In *Montgomery Ward & Co., Inc.,* v. *Fry,* 277 Mich. 260, 265, 269, we said:

"The sales tax is not a property tax but a 'privilege tax imposed upon the privilege of making retail sales, measured by the gross proceeds of such sales, less deductions allowed by statute.' *C. F. Smith Co.* v. *Fitzgerald,* 270 Mich. 659, 686. * * * .

"The act of 1933 included conditional sales and other title-retaining contracts and levied the sales tax upon the gross proceeds and defined the gross proceeds as 'the amount received in money, credits, property or other money's worth in consideration of sales at retail within this State, without any deduction * * * for losses,' but an allowance of refunds for returned goods."

In *Rudolph Wurlitzer Co.* v. *State Board of Tax Administration,* 281 Mich. 558, 560, 561, we said:

"Upon conditional sales the tax is computed on the full sale price and upon recapture of the property for nonpayment of instalments there is no refund or right to credit. * * *

"We again hold that the statutory provision permitting the seller to deduct credits or refunds for returned goods relates to transactions wholly apart from conditional sales. Merchandise is sometimes returned by a purchaser and refund of the purchase price made or credited. Such is not the case under conditional sales."

And in *Standard Oil Co.* v. *State of Michigan, supra,* 95, we said, "when sales are made directly

from producer to consumer the sales tax attaches the instant a sale is made.''

As throwing some light upon the problem before us, we note that section 6 of the original act reads as follows:

''Any person taxable under this act, doing business wholly or partly on a credit basis, may make application to the board for permission to prepare his returns on the basis of cash actually received. Such application shall be granted by the board under such rules and regulations as the board may prescribe. When such application is granted, the taxpayer shall thereafter until further order of the board include in each return all cash received during the month preceding, and shall pay taxes on the basis of such cash receipts at the time of filing such return.''

The above provision of the act was removed in the 1939 session of the legislature and the act at the present time reads as follows:

''The taxpayer shall, on or before the fifteenth day of each month, make out a return for the preceding month in the form required by the board, showing the amount of the tax for which he is liable, and he shall mail the return, together with a remittance for the amount of the tax, to the office of the board, on or before the fifteenth day of the month.''

The purpose of the latter amendment was to provide for monthly returns and payment of the tax on the 15th of the month ''next succeeding the month in which the tax accrued.'' Having in mind that a sales tax attaches the instant a sale is made, it would naturally follow that from the time a title-retaining contract is signed by the debtor and accepted by the creditor, the sales tax becomes due and payable at once regardless of the fact that instalment payments

are extended over a period of time. The term "credit" as used in the act in defining the term "gross proceeds" refers to a charge on account, made upon the sale of the merchandise.

We adopt the statement of the trial court in defining the term "credit": "It represents a type of property * * * that is capable of being borrowed upon or discounted at financial institutions. It is an item of incorporeal personal property just as much as a share of stock or a bond, chattel mortgage, real estate mortgage or other form of collateral." In view of the fact that a tax becomes due when a contract is accepted by both seller and buyer, plaintiffs are not entitled to compute the tax as and when each instalment payment is actually made on its conditional sales contract, nor may any deduction be made for bad debts or credit losses.

The decree of the trial court is affirmed, but a construction of a statute being involved, no costs will be allowed.

BUSHNELL, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred with SHARPE, C. J. WIEST, J., concurred in the result. BOYLES, J., did not sit.