HARGRAVE, Justice:

This case involves an appeal from the Tax Commission's refusal to refund sales taxes paid by appellant, Broadway Lumber Company [Broadway]. The claim for refund arose out of sales of lumber and materials for construction of an apartment complex by Broadway to Ferguson Investment Company [Ferguson]. These sales by Broadway were subject to cost certification and approval by the Federal Housing Administration [FHA] because some identity of ownership existed between Broadway and Ferguson Investment Company.

Broadway filed monthly sales tax returns and paid sales taxes to the Tax Commission, based on its sales to Ferguson. The FHA refused to certify $59,006.93 submitted by Ferguson, allegedly due to Broadway's charging excessive profit (or overhead) to Ferguson. None of the disapproved materials were paid for or returned to Broadway. The disallowance by the FHA included sales tax of $1667.10, the refund of which was denied by the Tax Commission. This appeal ensued.

Broadway argues that the amount of the sales were not final until approved by the FHA and that thus, the sales tax paid on the disallowance was an overpayment by them for which they are entitled to a refund. No protest was filed by Broadway at the time of the monthly payments, thus, the presumption is that the payment was voluntary. *Johnson v. Grady County, 50 Okla. 188, 150 P. 497 (1915).* Appellee points out that when a sale is made and the merchandise is not returned, the seller remains liable for the entire amount of sales tax, even if the seller never receives the full amount on which the tax was computed. *See Olympic Motors v. McCrosky, 15 Wash.2d 665, 132 P.2d 355 (1942).* We find this proposition to be applicable in the case at bar, in light of our consideration of the Oklahoma Sales Tax Code, 68 O.S. 1971 § 1301 et. seq.

The Sales Tax Code, § 1304, provides for the levy of an excise tax of two percent upon the gross proceeds or gross receipts derived from all sales in the categories set

## BROADWAY LUMBER COMPANY,
Appellant,

v.

## OKLAHOMA TAX COMMISSION,
Appellee.

### No. 50789.

Supreme Court of Oklahoma.

July 24, 1979.

Albert D. Lynn, Moore, for appellant.

Marjorie Patmon, Gen. Counsel, Michael C. Conaway, Atty., John S. Baxter, Legal Aide, Oklahoma City, for appellee.

out in the statute. Gross receipts or gross proceeds are defined in the Sales Tax Code, § 1302(d) as:

". . . the total amount of consideration for the sale of tangible personal property . . . whether the consideration is in money or otherwise, *without any deduction therefrom on account of the cost of the property sold, . . . losses, or any expenses whatsoever . . ."* (emphasis added).

By disallowing any deduction on account of cost of the property sold or on account of losses, the statute would apply in a situation where, for example, a seller sells goods for a specified amount, pays the sales tax on the amount, and then is later unable to collect the specified amount from the buyer. The sales tax liability of the seller would remain the same, under the statute. Thus, the statute contemplates the sales tax liability of the seller as a separate liability, distinct from the buyer's liability to pay the selling price for the merchandise.

We perceive no distinction between the situation in the case at bar and a conditional or installment sale situation where the seller's sales tax liability attaches at the time the sale is made, regardless of the fact that the seller has chosen to accept the sales price in installments. No one would suggest that because the seller is later unable to collect the full amount from the buyer or repossess the merchandise, the state should bear the seller's loss.

In *Olympic Motors v. McCrosky, supra,* the issue before the court was: Where property is sold under a conditional sales contract and is repossessed after part payment, is the sales tax to be computed on the full amount of the sale, or only upon amounts actually collected? The Tax Commission Rule 203 in that case read: "Persons making conditional sales or other installment sales of tangible personal property must report the total selling price of such sales in the bi-monthly tax period in which the contracts of sale are entered into . . ." No deductions for credit losses in case of repossession were allowed under the retail sales tax in that state. Washington's Chapter 76, § 2 is similar to our statute defining gross proceeds and selling price—"without deduction on account of the cost of tangible property sold . . . and without any deduction on account of losses." We find the *McClosky* court's reasoning persuasive. Quoting from that case 132 P.2d at page 357, "The legislature definitely, specifically provided that the tax should be collected on the selling price of the article sold without any deduction on account of losses and that the selling price was the consideration whether expressed in terms of money or money's worth. Clearly the legislature provided that credits and rights constitute a basis for the computation of the tax and also specifically provided that the fact of failure of collection is not material."

Broadway alleges that the proper procedure to be followed for refund was under 68 O.S. 1971 § 227, providing for refunds in cases of mistake of fact, of law, or of error in computation. In his brief, appellant argues that the case at bar presents a mistake of fact and a mistake of law and an error in computation (or any one of the three). We fail to perceive any mistake, either of law or fact, or any error in computation in this case. Broadway knew that the sales were subject to approval by the FHA and the only "error" involved was Broadway's allegedly charging excessive profit or overhead to Ferguson. The taxpayer has failed to comply with the very procedure alleged by him to be proper in this case, thus appellant's argument that the Tax Commission failed to follow proper procedure is unfounded.

For the reasons mentioned previously, appellant's argument must fail on the merits. Title 68 O.S. 1971 § 1302(d) specifically provides that no adjustment shall be made for losses. The language of the statute is clear and unambiguous—thus, no necessity for interpretation or construction of the language is necessary. The decision of the Tax Commission is Affirmed.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and DOOLIN, JJ., concur.