184 N.J. Super. 387 (1981)
446 A.2d 210
COMMERCIAL REFRIGERATION & FIXTURE CO., INC., PLAINTIFF,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT.
Superior Court of New Jersey, Tax Court of New Jersey.
April 23, 1981.
*388 Michael K. Diamond for plaintiff (Diamond, Diamond & Afflitto, attorneys).
Joseph L. Yannotti, Deputy Attorney General, for defendant (John J. Degnan, Attorney General of New Jersey, attorney).
CONLEY, J.T.C.
Plaintiff is in the business of selling new and used refrigeration units to retail and wholesale food establishments. Some of plaintiff's sales are made pursuant to installment sales agreements.[1] During the years involved in this litigation some of plaintiff's customers defaulted on the terms of their contracts and, apparently by agreement with these customers, plaintiff engaged in what it has termed "friendly repossessions." In these situations plaintiff repossessed its goods, usually without court action, the purchaser forfeited any amounts paid pursuant to the contract, and plaintiff waived any deficiency under the contract. Subsequently, in order to recoup what it considered to be overpayments of tax calculated on original sale prices, plaintiff took deductions in quarterly sales tax returns for the net amount of any installment sale price that had not been actually collected and that had resulted in a "friendly repossession." The result of these deductions was that plaintiff paid less tax on its *389 current sales than it would otherwise have done. When the Director discovered this practice in an audit, he made the deficiency assessment involved in this case. The deficiency assessment was for the sales tax attributable to the amounts plaintiff had deducted from its gross receipts in its subsequent quarterly returns. The period in question was from July 1, 1972 to June 30, 1975.
The Director's assessment, including penalty and interest, was for $45,811.13. Plaintiff filed a complaint with this court seeking to have the entire assessment set aside. The parties have filed cross-motions for summary judgment because the material facts are not in dispute and because the case presents essentially a legal issue. Specifically, the issue is the extent to which plaintiff is liable for sales tax based upon the original sale price of tangible personal property sold pursuant to an installment sales agreement when the property was subsequently repossessed by plaintiff upon the purchaser's failure to meet the terms of the sales agreement.
Sales tax is imposed upon receipts from the retail sale of tangible personal property. N.J.S.A. 54:32B-3(a). The vendor must collect the tax from his customer when he collects the sale price. N.J.S.A. 54:32B-12(a). Since a sale price under an installment contract is not collected all at once, the Legislature provided for a potential exception to the collection of the total sales tax in connection with installment sales. The statutory exception is permissive:
The director may provide by regulation that the tax upon receipts from sales on the installment plan may be paid on the amount of each installment and upon the date when the installment is due. He may also provide by regulation for the exclusion from taxable receipts ... of amounts representing sales where the contract of sale has been canceled, the property returned or the receipt ... has been ascertained to be uncollectible or, in the case the tax has been paid upon such receipt, ... for refund or credit of the tax so paid. [N.J.S.A. 54:32B-12(c)]
The Director has not adopted any regulation permitting the payment of sales tax upon the collection of installment payments. Accordingly, sales tax on an installment sale must be *390 collected all at once even though the sale price is collected over a period of time. Plaintiff does not challenge the imposition of sales tax with respect to installment sales in general, and in fact plaintiff filed quarterly sales tax returns, including the full installment sales prices, in its gross receipts and enclosing payment in full of the tax.
Plaintiff never filed an application for a refund of the amounts it now claims were overpayments. Instead, it adopted the set-off procedure discussed above. The Director's motion for summary judgment is based in part upon the fact that plaintiff made no timely application for a refund. The Director argues that even if plaintiff's complaint were treated as an application for refund, it would be untimely because the tax period involved ended June 30, 1975, the complaint was not filed until December 12, 1977, and refund applications must be filed within two years of the payment involved.
The Legislature provided expressly for the refund of overpayments of sales tax:
In the manner provided in this section the director shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application to the director for such refund shall be made within 2 years from the payment thereof. Such application may be made by a customer who has actually paid the tax. Such application may also be made by a person required to collect the tax, who has collected and paid over such tax to the director, provided that the application is made within 2 years of the payment to him by the customer, but no actual refund of moneys shall be made to such person until he shall first establish to the satisfaction of the director, under such regulations as he may prescribe, that he has repaid to the customer the amount for which the application for refund is made. The director may, in lieu of any refund, allow credit on payments due from the applicant. [N.J.S.A. 54:32B-20(a)]
The reasons for the requirement of refund applications are obvious. The sheer volume of sales tax revenues collected and the State's reliance on private vendors to collect the tax, mandate a straightforward method of collection and audit. Receipts from the sale of property and services are generally presumed to be taxable and the person required to collect the tax is obligated to take properly executed certificates of exemption or resale if *391 no tax is collected. N.J.S.A. 54:32B-12(b). Vendors must keep detailed sales records so that audits may be conducted. N.J.S.A. 54:32B-16; N.J.A.C. 18:24-2.1 et seq. Persons required to collect the tax are personally liable for the tax imposed, collected or required to be collected. N.J.S.A. 54:32B-14(a). In sum, the system is based on the performance of relatively simple clerical tasks by vendors and detailed audits by the State to insure compliance by taxpayers and tax collectors alike. Variations from this process need to be scrutinized, and the refund application permits this special review. Refunds to persons required to collect the tax, such as plaintiff, are made only after the collector proves that he repaid to his customer the amount for which refund is sought. This prevents the tax collector from obtaining a windfall of moneys in the event he is unable or unwilling to locate the customer who actually paid the tax. Plaintiff has offered no proof on this point.
The set-off mechanism adopted by plaintiff does not permit the scrutiny felt necessary by the Director and he has expressly forbidden this practice by regulation:
When filing either a monthly or quarterly sales tax return, a vendor of tangible personal property or services may not take any deductions from gross receipts for worthless or uncollectible bad debts but is required to file a claim for refund with respect to the alleged overpayment. [N.J.A.C. 18:24-23.3]
Refund moneys are available to be claimed by a taxpayer or by a person required to collect the tax according to well-defined procedures. An otherwise eligible taxpayer or vendor who does not comply with the established procedures waives his entitlement to any refund. After the two-year limitation period for the filing of a refund application has passed, the State is entitled to assume that its tax revenues need not be refunded under any circumstances. The limitation period is mandatory and is justified by the need for predictability of revenues by the State. McCullough Transp. Co. v. Motor Vehicles Division, 113 N.J. Super. 353 (App.Div. 1971). Since plaintiff did not avail itself of the refund procedure, any claim it might have had for the years in question is barred. Defendant's motion for summary judgment is therefore granted.
*392 There is no need to consider plaintiff's motion for summary judgment at length because the granting of defendant's motion is dispositive of the litigation. Suffice it to say that plaintiff has advanced several legal theories in support of its argument that its original installment sales prices were later reduced by modification of the agreements, or that its repossessed goods were trade-ins and thus should have been deducted from plaintiff's gross receipts prior to the computation of its sales tax liability. See N.J.S.A. 54:32B-2(d). The only authority relied upon by plaintiff is Town & Country Homes, Inc. v. Commissioner of Taxation, Minn., 269 N.W.2d 7 (1978). However, that case is not instructive because it involved a Minnesota statute which expressly provided for the set-off procedure plaintiff would seek to legitimize in this matter. Statutes more analogous to New Jersey's with respect to the issue in this case have been discussed in several opinions of other states: State v. Modern Trailer Sales, Inc., 175 Colo. 296, 486 P.2d 1064 (Sup.Ct. 1971); State v. Kirk, 204 So.2d 4 (Fla.Sup.Ct. 1967); Olympic Motors, Inc. v. McCroskey, 15 Wash.2d 665, 132 P.2d 355 (Sup.Ct. 1942); Rudolph Wurlitzer Co. v. State Board of Tax Administration, 281 Mich. 558, 275 N.W. 248 (Sup.Ct. 1937). In each of these cases involving repossessed property under a conditional sales agreement the court held that a vendor may not offset previously paid sales taxes attributed to uncollected sales prices from current tax payments. The rationale undergirding each such decision was that the respective state legislatures had made the sales tax payable upon original sale price. Some jurisdictions have held that a vendor is not entitled to a refund of tax payments based on uncollectible sales prices unless expressly provided for by statute. Cf. State v. Modern Trailer Sales, Inc., supra, 175 Colo. at 303, 486 P.2d at 1067.
New Jersey has provided for a refund of overpayments of sales tax, but the procedure was not pursued by plaintiff. Even if there were merit to plaintiff's legal theories, plaintiff could prevail only by establishing these contentions as part of its *393 refund applications. It has not done so. Plaintiff's motion for summary judgment is therefore denied.
The clerk of the court will enter an appropriate judgment.
NOTES
[1] The parties have characterized the agreements involved in this case as conditional sales agreements. It would appear, however, that conditional sales were abolished in New Jersey upon adoption of the Uniform Commercial Code, N.J.S.A. 12A:1-101 et seq., effective January 1, 1963. See N.J.S.A. 12A:9-101, Introductory Comment.