PER CURIAM.
The issue in this appeal is whether mailing a complaint to the Tax Court within the statutory 90 day appeal period constitutes timely filing of the complaint when it is actually received by the court beyond that period. The complaint constitutes an appeal from a determination of the Director, Division of Taxation, relating to the New Jersey Gross Income Tax (N.J.S.A. 54A:1-1 to -2). The complaint was actually received by the Tax Court one day beyond the 90 day period.
We affirm substantially for the reasons given by Judge Kahn in his written opinion of July 10, 1996, Cf. Waite v. Doe, 204 N.J.Super. 632, 499 A.2d 1038 (App.Div.1985), certif. denied, 102 N.J. 398, 508 A.2d 256 (1986); Prospect Hill Apts. v. Flemington, 172 N.J.Super. 245, 248, 411 A.2d 737 (Tax Ct.1979).
We agree with the State that N.J.S.A 54A:9-11 applies only to documents mailed to the Division of Taxation, and not to those filed with the Tax Court, a judicial body. It is clear that ■Tax Court procedures must conform to the state court rules. See cases supra.
We also conclude that the federal timely mailing rules, applicable to the federal tax courts, do not apply to the state Tax Court. There is no basis to assume that the federal rules were intended by the Legislature to extend to the state Tax Court.
The fact that the Division of Taxation, in its final determination, did not state that an appeal therefrom must be received by the Tax Court within 90 days does not violate the Taxpayers’ Bill of Rights, N.J.S.A 54:48-6c. The notice clearly and simply stated that a taxpayer could appeal the determination within 90 days *113 thereof. This statement sufficiently notified the taxpayer of his appeal rights and the time limit for the appeal.[1]
Affirmed.

 We suggest to the Division, for the future, that a determination provide that a complaint — or appeal — must be received by the court within the 90 day period.