KAHN, J.T.C.
This is the court’s determination with respect to a motion for summary judgment made by the Director of the Division of Taxation (Division) against plaintiff (taxpayer) to dismiss taxpayer’s complaint.
*60 This controversy involves An assessment made by the Division against the taxpayer for gross income tax delinquencies for years 1986 through 1994 totaling $193,581.05, inclusive of interest and penalties as of July 24, 1996. On that date the Division’s final determination was sent by letter to the taxpayer.
The taxpayer filed a timely complaint to the Tax Court challenging the Division’s assessment. In addition to filing an answering pleading, the Division filed, on January 6, 2000, a notice of motion for summary judgment against taxpayer seeking to dismiss the complaint, returnable on February 4, 2000. The original return date of February 4, 2000 was adjourned to March 3, 2000 at the request of the taxpayer.
On March 1, 2000, two days before the motion’s return date, the taxpayer filed with the Tax Court a letter stating that he would not be responding to the Division’s motion because he was granted a discharge of debt under Chapter 7 of the Bankruptcy Act, 11 U.S.C.A. § 101 to § 1330. Attached thereto was a copy of the order granting the discharge. There is no dispute that the petition for a discharge in bankruptcy included the alleged tax obligation to the State of New Jersey Division of Taxation. On March 3, 2000, the Division submitted a letter memorandum contesting the taxpayer’s failure to respond. In the letter, the Division raised several legal arguments contesting the taxpayer’s argument that the Chapter 7 discharge applies to the taxes being-litigated by the taxpayer in the Tax Court. On March 9, 2000, the court received a letter from the taxpayer requesting an opportunity to respond to the legal issues raised in the Division’s March 3, 2000 letter memorandum. The court granted the taxpayer’s request and allowed him until March 23, 2000 to file a memorandum of law, only with respect to the aforementioned letter memorandum. The Division was likewise permitted to file a subsequent response prior to March 29, 2000. Oral arguments were scheduled and took place on March 31, 2000.
The relevant facts as submitted by the Division remain undisputed. The taxpayer has failed to file any certification or memo *61 randum of law in opposition to the facts and law as set forth in the Division’s motion for summary judgment.
The taxpayer at all times relevant had been an attorney at law in the State of New Jersey. During 1986, he was sued by clients leading to ethics proceedings which ultimately resulted in his disbarment. He was also criminally indicted for client fraud and deception to which he pleaded guilty in October of 1988. As part of the plea agreement, the taxpayer confessed to having embezzled and therefore owing an amount of $2,019,331.39 to his elients/creditors. During these proceedings a custodial receiver was appointed by the Superior Court of New Jersey, Chancery Division and an agreement was ultimately entered into with respect to the receiver’s duties. The essential function of the receiver was to recover as much of the embezzled funds as possible to satisfy the monetary claims of the various victims of fraud. The receiver uncovered embezzled funds in excess of' $800,000.00, as well as non-embezzled income earned by the taxpayer in excess of $55,000.00. In the process of marshaling assets and collecting the embezzled monies, discussions arose as to tax liabilities and tax return filing responsibilities respecting the funds collected by the receiver. Consequently, the custodial receiver negotiated a closing agreement with the Internal Revenue Service and the Division. The closing agreement was to settle any issues as to the proper tax treatment of the monies recovered by the receiver.
Pursuant to this proposal, the receiver undertook to file, execute, and deliver state (and federal) tax returns on behalf of the taxpayer for taxable years 1987 through 1993. The taxpayer was given the opportunity to supplement such returns for personal income earned or expenses incurred by him that were not in the knowledge of the receiver. The proposal clearly stated that the taxpayer would be responsible for payment of any tax penalties and interest due on the returns which were filed on the taxpayer’s behalf. Upon the filing of the tax returns, the receiver was to be fully released and discharged from any return filing obligations and obligations for tax, penalty, and interest. The receiver, pursuant to his assignment, filed New Jersey gross income tax *62 returns (1040 N.J.) for 1986 through 1994 indicating a liability to the State of New Jersey as aforesaid in the amount of $193,581.05, less minor credits approximating $5,000.00. The taxpayer, in fact, filed New Jersey gross income tax returns for some but not all the years in issue. There is no dispute that those returns did not report the funds that the taxpayer admitted to having embezzled.
Pursuant to a court order, dated January 25,1995, all interested parties including the taxpayer, were notified of the proceeding that approved the closing agreement between the receiver and the Internal Revenue Service and the Division. Consequently, the taxpayer, as the defendant in the Superior Court proceeding, was apprised of the complete terms and conditions of the agreement with the Division, including the understanding that he would be the sole and primary party responsible for the payment of any tax, interest, and penalties resulting from the filed returns.
On July 24, 1996, the Director made an assessment against the taxpayer for the above-mentioned tax liability. The taxpayer filed a complaint in the Tax Court contesting the Division’s assessments for gross income tax for years 1986 through 1994. The primary issue in his complaint was that the assessments for the various years were based on returns filed by his custodial receiver and, therefore, not valid against him personally.
This Court is required to solely determine thé validity of the Division’s assessment of taxes, .penalties, and interest. The issue of whether the tax liability is dischargeable is not part of the taxpayer’s complaint before this Court. The taxpayer’s receipt of a bankruptcy discharge does not invalidate the Tax Court proceedings. Rather, the issue of dischargeability would arise if the Division moved to collect the taxes at issue. This litigation, instituted by the taxpayer, is obviously not a collection suit against the taxpayer.
Summary judgment should be granted where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the non-moving party is entitled to a judgment or order as a matter of law.” R. *63 4:46-2. In Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995), our Supreme Court revised the summary judgment standard[1] and said,
[W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational fact finder to resolved the alleged disputed issue in favor of the non-moving party.
[Id. at 523, 666 A.2d 146.]
Furthermore, “[t]he court must accept as true all evidence which supports the position of the party defending against the motion and must accord him [or her] the benefit of all legitimate inferences which can be deduced therefrom, and if reasonable minds could differ, the motion must be denied.” Brill, supra, 142 N.J. at 535, 666 A.2d 146, citing to Pressler, Current N.J. Court Rules, comment on R. 4:40-2 (1991) (other citations omitted),
R. 4:46-5(a) referring to affidavits states as follows:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the pleading, but must respond by affidavits meeting the requirements of R. 1:6-6 or as otherwise provided in this rule and by R. 4:46-2(b), setting forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered, unless it appears from the affidavits submitted, for reasons therein stated, that the party was unable to present by affidavit facts essential to justify opposition, in which case the court may deny the motion, may order a continuance to permit additional affidavits to be obtained, depositions to be taken or discovery to be had, or may make such other order as may be appropriate.
 The taxpayer failed to respond to the motion for summary judgment. He filed no certification or affidavit either in opposition to the Division’s moving papers or in support of his unverified complaint. In fact, this court granted additional time *64 for taxpayer to file documents. The taxpayer therefore has failed to create an issue of fact for this court to determine. His failure to file appropriate opposition papers to the Division’s motion makes it impossible for this court to grant the taxpayer the benefit of all legitimate inferences. The taxpayer has merely relied upon the uncertified allegations of his complaint which is not permitted by the rales of this court. The only document submitted by the taxpayer was a Chapter 7 Bankruptcy Discharge which he claims prohibits this court from granting summary judgment in favor of the Division. This court disagrees.
The taxpayer has presented no certification of facts in opposition to the Division’s moving papers; therefore, the facts as set forth in the Division’s moving papers are deemed undisputed. For the reasons herein above set forth those undisputed facts require this court to grant summary judgment in favor of the Division.
The taxpayer, howevfer, urges that a discharge in bankruptcy received by him dated February 14, 2000 controls this case requiring judgment to be granted in his favor. The Division argues in opposition that the tax obligation which is the subject of the Division’s assessment in this case is exempt from discharge in bankruptcy citing various provisions of the Bankruptcy Act.
Although the Bankruptcy Court does not have exclusive jurisdiction of matters involving dischargeability in bankruptcy, this court feels that the Bankruptcy Court is most qualified to deal with the issue.[2] The question of dischargeability is an everyday issue in that court which has significant expertise. In Graham v. Commissioner, 75 T.C. 389, 1980 WL 4429 (1980), the United States Tax Court deferred to the Bankruptcy Court with respect to an issue involving dischargeability pursuant to a bankruptcy order. Although the Bankruptcy Act does not require such *65 deference it is clear from that decision that the U.S. Tax Court considered the Bankruptcy Court’s expertise.
This court finds that the discharge in bankruptcy issue should be litigated in the Bankruptcy Court. Since the discharge in question was only issued on February 14, 2000, the case is still of recent vintage. This court’s granting of summary judgment in favor of the Division merely adjudicates the issue of the validity of the Division’s assessment. The taxpayer still retains the right to seek protection in the Bankruptcy Court pursuant to the discharge in bankruptcy, and the Division will be afforded the opportunity to defend its position.
Judgment should be entered by the Tax Court Administrator dismissing the taxpayer’s complaint.

 Judson v Peoples Bank & Trust Co of Westfield, 17 N J 67, 73-75, 110 A 2d 24 (1954) was the “definitive expression of the standards of decision governing the grant or denial of a summary judgment motion." Pressler, Current N.J Court Rules, comment on R. 4:46-2 (1998). Before the Brill revision, summary judgments were rarely and sparingly granted because it was necessary to "palpably" demonstrate there is no genuine issue of a material fact. Judson, supra, 17 N.J. at 74, 110 A.2d 24.

 28 U.S.C. § 1334(b) provides that United Slates District Courts do not have "exclusive jurisdiction" over matters arising under the Bankruptcy Code. See also Sanders v. City of Brady, 936 F.2d 212, 218 (5th Cir.), cert. denied, 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed 2d 748 (1991).