BIANCO, J.T.C.
This matter comes before the Tax Court by letter from pro se plaintiff, Glenn B. Slater (“Mr. Slater”), which the court treated as a motion for summary judgment seeking a refund of Sales and Use tax (“S & U”); and the cross motion filed by the Director, seeking to dismiss Mr. Slater’s complaint with prejudice for lack of subject matter jurisdiction, pursuant to R. 4:6-2.
For the reasons set forth below, Mr. Slater’s motion is denied, and the Director’s motion is granted.

Statement of Facts

On February 11,1997, the Director issued a Notice of Responsible Person Status (“the Notice”) to Mr. Slater, holding him liable *325 for S & U liability in the amount of $61,382.46[1] due and owing from his business, S.S. Clinton, Inc. (“S.S. Clinton”), a restaurant/bar operating under the trade name “Pioneer Tavern”.[2] The Notice was mailed to Mr. Slater at 1899 Clinton Road, Hewitt, New Jersey, which was received and signed for by “J. Slater” on February 14, 1997. At the time the Notice was issued, 1899 Clinton Road, Hewitt, New Jersey, was the last known address for Mr. Slater in the records of the Director.[3]
The Director never received any administrative protests or appeals from Mr. Slater regarding the Notice.
Subsequently, on September 9, 1999, Mr. Slater filed a petition for Chapter 11 bankruptcy with the United States Bankruptcy Court for the District of New Jersey.[4] Approximately eighteen *326 claims from twelve different creditors were filed against Mr. Slater in the bankruptcy matter, with a total listed debt in the amount of $757,636.09.
On August 1, 2000, the Director, as a creditor, filed proof of claims[5] in the bankruptcy proceeding in the amounts of $1,500, $76,222.35 and $141,000, representing tax liability due and owing from Mr. Slater’s business, S.S. Clinton.[6]
Bankruptcy Rule 3002(c) provides that a creditor must file a proof of claim within 90 days of the first date set for the meeting of creditors. A governmental entity is required to file a proof of claim within 180 days of the entry of an order for relief. 11 U.S.C.S. Section 502(b)(9). An untimely claim is subject to disal-lowance upon objection of a party of interest. Id. Here, the 180 day bar date for the Director from the bankruptcy order for relief in Mr. Slater’s bankruptcy case was March 7, 2000. Consequently, the Director’s proof of claims were filed beyond the 180 day period provided by 11 U.S.C.S. Section 502(b)(9).
Mr. Slater claims that a Bankruptcy Court Order disallowed the proof of claims of the Director for failure to timely file a proof of claim.[7]
Thereafter, on or about February 20, 2001, Mr. Slater, through counsel, filed a motion with the Bankruptcy Court to expunge the claims of the Director. Mr. Slater’s motion was granted on April 9, 2001. The Order specifically provides that the claims of the Director are “completely expunged as being untimely.” Notably, *327 the Order did not determine that the claims of the Director were discharged or even dischargeable.3 [8]
On or about March 11, 2002 the United States Trustee’s Office (“Trustee”) filed a motion with the Bankruptcy Court to dismiss Mr. Slater’s bankruptcy petition.[9] Mr. Slater, through counsel, opposed the Trustee’s motion. Despite Mr. Slater’s objection, the Bankruptcy Court dismissed Mr. Slater’s bankruptcy petition on April 2, 2002.
More than six years later, Mr. Slater filed the present complaint in the Tax Court on or about October 22, 2008. On May 25, 2011, the Director filed a motion to dismiss the complaint pursuant to R. 4:46-2(c), based upon the untimely filing of the complaint contrary to the provisions of N.J.S.A. 54:49-18(a). This court heard oral argument on the Director’s motion on October 21, 2011.[10] Mr. Slater explained that reason for the late filing was that he believed all matters were taken care of during the pendency of his bankruptcy proceedings as advised by his bankruptcy counsel.
While the court found the instant complaint to be untimely and could have conceivably dismissed the same at that point, the Director’s motion was denied without prejudice, due to the court’s concerns regarding the jurisdiction of the Tax Court vis-á-vis the effect of the Bankruptcy Court’s rulings in Mr. Slater’s bankruptcy proceeding. The court asked Mr. Slater to provide documentation from the bankruptcy proceeding in an effort to clarify what transpired there.
In response, by letter of December 5, 2011 Mr. Slater enclosed bankruptcy documentation that included a “Service List for Glenn Slater Chapter 11 Case No. 99-4008,” a “Certification of Debtor, *328 Glenn B. Slater, in support of omnibus motion to expunge and/or reduce claims” and an “Order expunging and/or reducing disputed claims” (Expungement Order). These documents were already in the court’s file; nothing new was provided. In the same letter, Mr. Slater also asked the court to enter an order directing the Director to return monies he claimed were owed to him in the amount of $535,000.[11]

Jurisdiction

Mr. Slater argues that since the Director’s claims were expunged during his bankruptcy proceeding, the Director is now prohibited from attempting to collect the debt owed. The Ex-pungement Order, however, merely states that the claims of the Director are “completely expunged as being untimely”, and did not determine whether the claims of the Director were discharged or even dischargeable.[12]
The Tax Court has observed that “[although the Bankruptcy Court does not have exclusive jurisdiction of matters involving dischargeability in bankruptcy, this court feels that the Bankruptcy Court is most qualified to deal with the issue. The question of dischargeability is an everyday issue in [the bankruptcy] court which has significant expertise.” Cohen v. Director, Div. of *329 Taxation, 19 N.J.Tax 58, 64 (2000)[13], emphasis added. See also 28 U.S.C. Section 1334(b) (providing that United States District Courts do not have “exclusive jurisdiction” over matters arising under the Bankruptcy Code.); and Graham v. Commissioner, 75 T.C. 389, 1980 WL 4429 (1980) (where the United States Tax Court deferred to the Bankruptcy Court with respect to an issue involving dischargeability pursuant to a bankruptcy order).
Furthermore,
[the Tax Court] is required to solely determine the validity of the Division’s assessment of taxes, penalties, and interest. The issue of whether the tax liability is dischargeable is not part of the taxpayer’s complaint before this Court. The taxpayer’s receipt of a bankruptcy discharge does not invalidate the Tax Court proceedings. Rather, the issue of dischargeability would arise if the Division moved to collect the taxes at issue. This litigation, instituted by the taxpayer, is obviously not a collection suit against the taxpayer ...
[Cohen, supra, 19 N.J.Tax at 62.]
Regardless of the Bankruptcy Court’s order expunging the Director’s claims, and irrespective of whether those claims are or are not dischargeable under applicable law, the Expungement Order was vacated, and the issue of dischargeability rendered moot, when Mr. Slater’s bankruptcy proceeding was dismissed on April 2, 2002, on motion of the Trustee. Pursuant to 11 U.S.C. Section 349, the dismissal of a case immediately “vacates any order, judgment, or transfer ordered’ during the bankruptcy. Therefore, all orders entered by the United States Bankruptcy Court during Mr. Slater’s case were vacated by operation of law, including the Expungement Order expunging the claims of the Director.
Accordingly, the affect of the dismissal of Mr. Slater’s bankruptcy proceeding is that the Director’s assessment against Mr. Slater was neither expunged nor discharged by the Bankruptcy Court.
*330 The court, therefore, determined that there was nothing within the bankruptcy documents provided by Mr. Slater that divested the Tax Court of jurisdiction over the present matter. The court notified the parties that Mr. Slater’s December 5th letter would be treated as a motion for summary judgment seeking a refund of S & U (to the extent that the $535,000 sought by Mi’. Slater was paid toward S & U liability).[14]
The Director opposed the motion and on cross-motion renewed the claim for dismissal of the complaint with prejudice pursuant to R. 4:46-2(c), based upon the untimely filing of the complaint contrary to the provisions of N.J.S.A. 54:49-18(a).

Summary Judgment

Pursuant to New Jersey’s Court Rule 4:46, a court shall grant a motion for summary judgment
... if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged, and that the moving party is entitled to a judgment or order as a matter of law.
[R. 4:46-2(c)]
R. 4:46 outlines the requirements in support of a motion for summary judgment:
The motion for summary judgment shall be served with briefs, statement of material facts and with or without supporting affidavits. The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on. A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts.
[R. 4:46—2(a).]
Summary judgment is appropriate where “a discriminating search of the merits in the pleadings, depositions and admissions on file, together with the affidavits submitted on the motion *331 clearly shows not to present any genuine issue of material fact requiring disposition at a trial.” Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 75, 110 A.2d 24 (1954). The moving party must sustain the burden of showing the absence of any reasonable doubt as to the existence of any genuine issue of material fact. Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 916 A.2d 440 (2007). “The moving papers and pleadings are to be considered most favorably to the party opposing the motion. All doubts are to be resolved against the movant.” Ruvolo v. American Casualty Co., 39 N.J. 490, 499, 189 A.2d 204 (1963); See also Seltzer v. Isaacson, 147 N.J.Super. 308, 312-313, 371 A.2d 304 (App.Div.1977). “The papers supporting the motions are closely scrutinized and the opposing papers indulgently treated.” Judson, supra, 17 N.J. at 75, 110 A.2d 24.
“By its plain language, R. 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a genuine issue as to any material fact challenged.” Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 529, 666 A.2d 146 (N.J.1995). That means a non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute. Ibid. If the opposing party in a summary judgment motion offers “only facts which are immaterial or of an insubstantial nature, a mere scintilla, fanciful, frivolous, gauzy or merely suspicious, he will not be heard to complain if the court grants summary judgment, taking as true the statement of uncontradicted facts in the papers relied upon by the moving party, such papers themselves not otherwise showing the existence of an issue of material fact.” Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 75, 110 A.2d 24 (1954).

Analysis

a. Refund of S & U

While the specific amount is unclear, Mr. Slater seeks a refund of that portion of $535,000, which was used to satisfy the S & U obligation incurred by Mr. Slater’s business, S.S. Clinton. The *332 specific dollar amount, however, is not germane to deciding the issue given the present facts.
The statute allowing for S & U refunds establishes a four year time period within which to file a request for a refund. N.J.S.A. 54:32B-20(a) states in pertinent part:
[T]he Director shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application to the Director for such refund shall be made within four years from the payment thereof.
[N.J.S.A. 54:32B-20(a).]
The terms of the foregoing statute of limitation for filing a request with the Director are clear and unambiguous:
Refund moneys ai'e available to be claimed by a taxpayer or by a person required to collect the tax according to well-defined procedures. An otherwise eligible taxpayer or vendor who does not comply with the established procedures waives his entitlement to any refund. After the [four]-year limitation period for the filing of a refund application has passed, the State is entitled to assume that its tax revenues need not be refunded under any circumstances. The limitation period is mandatory and is justified by the need for predictability of revenues by the State.
[Commercial Refrigeration & Fixture Co., Inc. v. Director, Division of Taxation, 184 N.J.Super. 387,2 N.J.Tax 415, 446 A.2d 210, 212 (Tax Ct.1981).]
Notably, the Tax Court of New Jersey articulated the policy reason for strictly enforcing the tax refund statute of limitations in H.B. Acquisitions, Inc. v. Dir., Div. of Taxation, 12 N.J.Tax 60, 65 (1991), when it wrote:
Public policy discourages suits for the refund of taxes erroneously paid or illegally collected. Statutes of limitation applicable to suits against the government are conditions attached to the sovereign’s consent to be sued and must be strictly construed.
Here, Mr. Slater failed to file a request for a refund of the monies within four years from the date of the payment of the taxes purportedly collected as provided by N.J.S.A. 54:32B-20(a). Mr. Slater conceded that the monies were collected between February 11,1997 (issuance of the Notice) and April 2, 2002 (when Mr. Slater’s bankruptcy ease was dismissed). At the latest, Mr. Slater had until April 2, 2006, to file a claim for a refund for any S & U claims. Under the applicable statutes of limitation governing filing a request for a refund from the Director, Mr. Slater failed to ever file, let alone timely file, a request for refund of the monies collected.
*333 The court finds that Mr. Slater’s motion for summary judgment has failed to comply with the procedural and substantive requirements of R. 4:46-2.[15] Furthermore Mr. Slater has failed to file a refund for S & U pursuant to N.J.S.A. 54:32B-20(a). Accordingly the court finds that Mr. Slater is not entitled to summary judgment relief as a matter of law.

b. Dismissal for Untimely Filing

N.J.S.A. 54:49-18(a) provides, in pertinent part:
If any taxpayer shall be aggrieved by any finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by himself or his duly authorized agent, certified to be true, which shall set forth the reasons therefore, and may request a hearing. [N.J.S.A. S4:49-18(a).]
Case law has strictly construed N.J.S.A. 54:49-18. It has been held that the Tax Court lacks jurisdiction to hear the complaint of a taxpayer which was not filed until the day after the 90 day period. See Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 25, 262 A.2d 213 aff'd 57 N.J. 199, 270 A.2d 702 (1970); FMC Stores v. Morris Plains, 100 N.J. 418, 423-25, 495 A.2d 1313 (1985). Additionally, “[a] court has no power by virtue of this rule to relax or dispense with a statute of limitations passed by the Legislature and approved by the Governor.” Prospect Hill Apts. v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 227, 411 A.2d 737 (1979). Once this statute of limitation has expired, the Director is entitled to assume that his determination is final and is not reviewable. Cf. Commercial Refrigeration & Fixture Co. v. Taxation Div. Dir., 184 N.J.Super. 387, 2 N.J.Tax 415, 419, 446 A.2d 210 (1981).
Similarly, the 90 day appeal period is confirmed by R. 8:4-l(b), which provides that in State tax matters, complaints “seeking to review actions of the Director ... shall be filed within 90 days after the date of the action to be reviewed.” In most *334 cases where written actions are issued by the Director, the 90 day appeal period begins to run when the plaintiff receives the notice. Liapakis v. State Dept. of Treasury, Div. of Taxation, 363 N.J. Super. 96, 99, 831 A.2d 120 (App.Div.2003). Consequently, “failure to file a timely appeal is a fatal jurisdictional defect,” and if a plaintiff fails to file within the prescribed statutory time frame, that plaintiff must be proscribed from an appeal in the Tax Court and any considerations of its case on the merits. F.M.C. Stores at 425, 495 A.2d 1313. Finally, the burden of ensuring that a protest to Taxation has been filed timely falls squarely, and solely upon the taxpayer. See, e.g., Dougan v. Director, Div. of Taxation, 17 N.J.Tax 110 (App.Div.1997).
Moreover, the policy considerations relating to statutes of limitation are particularly applicable to tax laws, which require that “Statutes of limitations in tax statutes are strictly construed in order to provide finality and predictability of revenue to state and local government.” Bonanno v. Director, Div. of Taxation, 12 N.J.Tax 552, 556 (1991). See also Pantasote, Inc. v. Div. of Taxation, 8 N.J.Tax 160, 164-66 (1988).
In the instant matter, the facts pertaining to this cross motion are not disputed. Mr. Slater filed his complaint in the Tax Court on or about October 22, 2008. Under N.J.S.A. 54:49-18, Mr. Slater had 90 days to file a protest and request a hearing with Taxation with regard to the Director’s February 11, 1997 Notice. In the alternative, under R. 8:4—1(b), Mr. Slater had 90 days from the date of the Notice to appeal to the Tax Court. Under both scenarios, Mr. Slater was required to file a protest or a complaint no later than May 12,1997.
However, no action was taken by Mr. Slater between February 14, 1997, the date of the receipt of the Notice, and May 12, 1997. The complaint was not filed with the court until October 22, 2008. Therefore, Mr. Slater’s complaint with the Tax Court was not filed within the mandatory 90 day period required by law to contest actions of the Director fixed by statute, as reiterated by the current New Jersey Court Rules.
*335 Accordingly, under the applicable statutes of limitation governing protests and complaints contesting actions of the Director, the instant action is not a timely appeal of the February 11, 1997 Notice issued by the Director. The tax liability assessed against Mr. Slater is therefore deemed fixed and final and Mr. Slater’s complaint is dismissed with prejudice.

Conclusion

For the foregoing reasons, Mr. Slater’s motion for a refund of S & U on summary judgment is denied and the Director’s cross-motion to dismiss the complaint with prejudice pursuant to R. 4:46-2(c) for untimely filing is granted. The court’s order and final judgment reflecting the decision in this opinion will be forwarded to all counsel by the court.
A discovery motion filed by Mr. Slater on or about November 15, 2011 and made returnable the date of the hearing in the present motions, was stayed pending the court’s decision herein and is now hereby denied as moot. That discovery request was essentially the same as the one denied by this court by order of October 21, 2011.

 The court assumes that substantial interest and penalties have accrued on this amount to date.

 Pursuant to the Sales and Use Tax Act (N.J.S.A. 54:32B-1 to -55), Mr. Slater was required to collect taxes imposed by that act. See N.J.S.A. 54:32B-2(w). "Every person required to collect the tax shall collect the tax from the customer when collecting the price, service charge, amusement charge or rent to which it applies.” N.J.S.A. 54:32B-12(a). "Every person required to collect any tax imposed by this act shall be personally liable for the tax imposed, collected or required to be collected under this act.” N.J.S.A. 54:32B-14(a).

 Mr. Slater has not filed a personal New Jersey Gross Income Tax return since 1993 when he listed 1899 Clinton Road, Hewitt, New Jersey as his residence. The 1899 Clinton Road, Hewitt, New Jersey address was also the address of S.S. Clinton, the registered owner of Mr. Slater’s business. In addition, when Mr. Slater previously filed for bankruptcy in 1995, he listed 1899 Clinton Road, Hewitt, New Jersey, as his residence. Mr. Slater claims he was never apprised of the Notice. He explained that "J. Slater” who acknowledged receipt of the Notice was a former girlfriend who resided with him at the 1899 Clinton Road, Hewitt, New Jersey address, and continued to reside there after he moved out when their relationship ended. Mr. Slater did not advise the Director of his alleged change of address, and there does not appear to be any subsequent documentation filed by Mr. Slater utilizing a different address that the Director would have or should have been aware of at the time the Notice was served. The court is satisfied that the Director had no knowledge of any other address for Mr. Slater. Furthermore, the court is not convinced that Mr. Slater was not aware of the Notice.

 The case was docketed as Case No. 99-40008(NLW).

 A proof of claim is a written statement setting forth a creditors claim. Bankruptcy Rule 3001(a).

 It was not specified whether part or all of the Director’s claims were for S & U liability, and the court assumes that interest and penalties have continued to accrued sine the filing of the claims.

 There is neither a date mentioned on the record nor any mention of such an order in any of the certifications. The court was advised by counsel for the Director, that there is no documentation available, even directly from the Bankruptcy Court (which apparently does not maintain such dated materials). Moreover, there is no exhibit showing the order from either party; Mr. Slater’s exhibits only show an order expunging the Director's claims.

 A bankruptcy discharge operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any discharged debt as a personal liability of the debtor. 11 U.S.C. Section 524(a)(2).

 No explanation was provided as to why the Trustee moved to dismiss.

 A discovery motion brought by Mr. Slater was also addressed by the court and denied.

 The letter included itemized descriptions with associated dollar amounts of monies Mr. Slater is seeking from the Director including the following: "money taken in the amount exceeding (in hard cash) over $260,000”; "$75,000 loss on the liquor license"; “loss of equity on the bar ... for $200,000”. The values he placed on the loss of the liquor license and the loss of equity are arbitrary and unsubstantiated; they do not correspond to any payment of taxes for which a refund can be sought and therefore will not be addressed by this court.

 The plain language of Section 523(a)(1)(A) makes explicit that, in determining whether a debt is subject to exception from discharge, it is utterly irrelevant “whether or not a claim for such tax was filed or allowed." To require a claim to have been unsecured, which by extension requires that it have been both filed and allowed, would eviscerate the language of Section 523(a)(1)(A). See In re Zich, 291 B.R. 883, 886 (Bankr.M.D.Ga.2003), (stating "Disallowance of a claim and nondischargeability are separate issues.”). See also In re Bell, 236 B.R. 426, 430 (Bankr.N.D.Ala.1999) (stating, "claim allowance and debt liability are different concepts.").

 The facts in the present matter are substantially similar to Cohen. However, in Cohen, defendant Director of New Jersey Division of Taxation moved for summary judgment in plaintiff taxpayer's action challenging defendant's assessment of back taxes. Id. at 60. Plaintiff's only response to defendant's motion was to produce a recent discharge in bankruptcy. Ibid. The Court held that this did not meet the plaintiff's burden to respond to evidence submitted with a summary judgment motion, so there was no issue of fact to prevent the motion from being granted. Id. at 63.

 The Director maintains that the taxes at issue in this matter are S & U incurred by Mr. Slater’s business, S.S. Clinton. It appears that only $260,000 of the entire $535,000, for which Mr. Slater seeks a refund, can actually be attributed in whole or in part to payment of his S & U liability.

 Mr. Slater failed to comply with the basic requirements of R. 4:46-2, inasmuch as he failed to submit a statement of material facts, supporting affidavits or certifications relevant to his claims for relief.