PER CURIAM.
Plaintiff appeals from a decision of the Tax Court that denied his motion seeking a refund of Sales and Use tax (“S & U”) and *187 granted the motion filed by defendant, Director, Division of Taxation (the Director), to dismiss his complaint with prejudice for lack of subject matter jurisdiction. The facts and issues raised by this appeal are set forth in the Tax Court’s published opinion, 26 N.J.Tax 322 (2012), and need not be repeated at length here.
In February 1997, the Director sent plaintiff a Notice of Finding of Responsible Person Status, holding him liable for S & U taxes due and owing from his business, S.S. Clinton, Inc. Plaintiff filed no administrative protests or appeals from that Notice. In September 1999, plaintiff filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. The Director filed proof of claims for an aggregate amount of $218,722.35 in August 2000. The Director’s claims were expunged as untimely because they were filed beyond the 180-day period for the filing of such claims provided by 11 U.S.C.A. § 502(b)(9). No order was entered in Bankruptcy Court that determined the Director’s claims were discharged or dis-chargeable.
Plaintiffs bankruptcy petition was dismissed over plaintiffs objection in April 2002 without him receiving a discharge as to any of the debts identified in the bankruptcy proceeding.
In October 2008, plaintiff filed the instant complaint in the Tax Court, seeking a refund of S & U tax from the Director. The Director moved to dismiss the complaint because it was not brought within the ninety-day period set forth in N.J.S.A. 54:49-18(a). Plaintiff argued that the Division of Taxation should be barred from pursuing its claim because the Director’s claims had been expunged in the bankruptcy proceeding. In addition, he asked the Tax Court to order that the Director return $535,000 to him.
We affirm, substantially for the reasons set forth by Judge Bianco in his well-reasoned opinion. The Director’s claims against plaintiff were not discharged or deemed dischargeable in the bankruptcy proceeding and, because plaintiffs petition was dismissed, the order expunging the Director’s claims was vacated as a matter of law. See 11 U.S.C.A. § 349. Plaintiff was therefore *188 mistaken in his belief that the Director’s claims were disposed of in the bankruptcy proceeding and, because he did not file his claim for a refund on a timely basis, it was properly dismissed. Plaintiff has also argued that he was not provided with discovery he requested from the Director. We agree with Judge Bianco that his request is now moot.
Affirmed.