**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE TAX COURT
COMMITTEE OF OPINIONS**

# TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
**JUDGE**

Olde Historic Courthouse
120 High Street
P.O. Box 6555
Mount Holly, New Jersey 08060
609 288-9500, Ext. 38303 Fax 609 288-9475

**February 11, 2020**

Jonathan P. Newcomb, Esq.
Spino & Newcomb, LLC
44 Cooper Street
Suite 105
Woodbury, New Jersey 08096

Michelline Capistrano Foster
Deputy Attorney General
Division of Taxation
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey 08625-0106

> Re:   United Autoland, Inc. v.
>          Director, Division of Taxation
>          <u>Docket No. 013446-2018</u>

Dear Counsel:

This letter constitutes the court's opinion with respect to the Director, Division of Taxation's motion to dismiss plaintiff's complaint with prejudice for lack of subject-matter jurisdiction pursuant to R. 4:6-2(a). For the reasons explained more fully below, the Director's motion is granted.






I.     Procedural History and Findings of Fact

United Autoland, LLC ("plaintiff") is a used car dealership.  Following an audit of plaintiff's business on November 6, 2017, the Division of Taxation (the "Division") issued plaintiff a Notice of Assessment, which plaintiff received on November 10, 2017.  The Division assessed Sales and Use Tax ("S & U") and Corporate Business Tax ("CBT"), as well as associated penalties and interest totaling $124,439.68 for the tax period commencing in the third quarter of tax year 2012 through 2016.  The Notice of Assessment contained the following language:

> If, after you review this notice you disagree with the Division, you may submit a written protest and a request for a hearing (if a hearing is desired) within 90 days of this notice.

On May 4, 2018, plaintiff mailed a letter to the Division protesting the Notice of Assessment.  This letter was mailed 175 days after receipt of the notice of assessment.  On June 27, 2018, the Division sent plaintiff a Final Determination, in response to plaintiff's protest.  The Final Determination confirmed that the Conference and Appeals Branch of the Division received the letter from plaintiff, as well as advised the following:

> Under the provisions N.J.S.A. 54:49-18, a request for a hearing must be postmarked within a ninety (90) day period from the date of the Division's notice containing appeal rights.  The Division's notice(s) containing appeals rights which was issued to you in this matter was the November 6, 2017 Notice of Assessment, which was sent by Certified Mail – Return Receipt Request [sic] on November 6, 2017.  Our records indicate this mailing was successfully delivered to you on November 10, 2017 by the U.S. Postal Service to your residence [sic] address of record on file with this Division.
>
> Based on the foregoing, your 90-day appeal period expired February 05, 2018.  Since a valid protest was  not filed with this office within ninety days of November 6, 2017, the request for hearing will not be granted.
>
> [See Hepp Cert., Division's Ex. C.]

In addition, the Final Determination states:

2

If you do not agree with the above determination regarding the timeliness of the protest, you may file a complaint with the required fee relative to this determination, which must be received within (90) ninety days from the date of this notice, directly with the Tax Court of New Jersey in accordance with the provisions of N.J.S.A. 54:51A-13 et seq.

[Ibid.]

On September 25, 2018, plaintiff filed a complaint in Tax Court. The Division now moves to dismiss plaintiff's complaint with prejudice pursuant to R. 4:6-2(a) on the basis that the complaint was untimely filed, and thus the court lacks subject matter jurisdiction to consider the merits of plaintiff's tax appeal. Plaintiff has filed no opposition to the Division's motion.

II.      Conclusions of Law

N.J.S.A. 54:32B-21(a) of the Sales and Use Tax Act specifies that, "[a]ny aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of Taxation made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R. S. 54:48-1 et seq."

Furthermore, N.J.S.A. 54:32B-21(b) directs that "[t]he appeal provided by this section shall be the exclusive remedy available to any taxpayer for review of a decision of the director in respect of the determination of the liability of the taxpayer for the taxes imposed by this act." Ibid.

In addition, the State Tax Uniform Procedure Law, at N.J.S.A. 54:49-18(a) provides:

If any taxpayer shall be aggrieved by any finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by himself or his duly authorized agent, certified to be true, which shall set forth the reason therefor, and may request a hearing. Thereafter the director shall grant a hearing to the taxpayer, if the same shall be requested, and shall make a final determination confirming, modifying or vacating any such finding or assessment.

[Ibid.]

3

Finally, N.J.S.A. 54:51A-14(a) of the State Uniform Tax Procedure Law governing appeals to the Tax Court requires that "all complaints be filed within 90 days after the date of the action sought to be reviewed."

The 90-day filing limitation is repeated in R. 8:4-1(b) which clearly states that "[c]omplaints seeking to review actions of the Director of the Division of Taxation with respect to a tax matter . . . shall be filed within 90 days after the date of the action to be reviewed." The ninety day time period is calculated from the "date of service of the decision or notice of the action taken" R. 8:4-2(a). The statutory time periods incorporated in the New Jersey Court Rules are jurisdictional. McMahon v. City of Newark, 195 N.J. 526, 530 (2008). They are not within the "relaxation power of the Tax Court." Pressler & Verneiro, Current N.J. Court Rules, Comment 1 on R. 8:4-1 (GANN) (2015) (citations omitted).

A "failure to file a timely appeal is a fatal jurisdictional defect" and if a plaintiff fails to file within the prescribed time frame, that plaintiff is proscribed from an appeal in the Tax Court and any consideration of its case on the merits. F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 425 (1985). The burden of timely filing falls squarely and solely upon the taxpayer. Slater v. Dir., Div. of Taxation, 26 N.J. Tax 332, 334 (Tax 2012) citing Dougan v. Dir., Div. of Taxation, 17 N.J. Tax 110 (App. Div. 1997).

The Supreme Court has noted that "[s]trict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of . . . government." F.M.C. Stores, supra, 100 N.J. at 425. Such time limitations "in tax statutes are strictly construed in order to provide finality and predictability of revenue to state and local government." Bonanno v. Dir., Div. of Taxation, 12 N.J. Tax 552, 556 (Tax 1992) (citing Pantasote, Inc. v. Dir., Div. of Taxation, 8 N.J. Tax 160, 164-166 (Tax 1988)).

4

The Tax Court has repeatedly dismissed taxpayer's appeals where the 90-day filing limitation has not been observed. See, e.g., Slater v. Dir., Div. of Taxation, supra, 26 N.J. Tax 333-335; Off v. Dir., Div. of Taxation, 6 N.J. Tax 157, 164-166 (Tax 1996); People's Express, Inc. v. Dir., Div. of Taxation, 10 N.J. Tax 417, 424 (Tax 1989).

Here, the Director sent its Notice of Assessment on November 6, 2017. Plaintiff received the notice on November 10, 2017. The Notice of Assessment clearly indicated that the plaintiff had 90 days to protest the Director's finding. It was not until May 4, 2018, 175 days after plaintiff received the Notice of Assessment, that plaintiff mailed a protest to the Notice of Assessment.

Thus, on September 27, 2018, the Director sent a Final Determination to plaintiff. Within the Final Determination the Director acknowledged receipt of plaintiff's protest, but again reiterated that it was untimely filed. Furthermore, the Final Determination confirmed the Director's finding in the Notice of Assessment that assessed Sales and Use Tax ("S & U") and Corporate Business Tax ("CBT"), as well as associated penalties and interest totaling $124,439.68 for the tax period commencing in the third quarter of tax year 2012 through 2016.

III.    Conclusion

Plaintiffs' failure to file a protest or complaint within 90 days of the action of the Director is fatal to this court's consideration of plaintiff's complaint. The court lacks jurisdiction to consider the merits of this action.

The Director's motion to dismiss the complaint is granted. Judgment dismissing the complaint will be entered accordingly.

Very truly yours,

_____
Kathi F. Fiamingo, J.T.C.

5