**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE TAX COURT
COMMITTEE OF OPINIONS**

# TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
**JUDGE**

Olde Historic Courthouse
120 High Street
P.O. Box 6555
Mount Holly, New Jersey 08060
609 288-9500, Ext. 38303 Fax 609 288-9475

March 25, 2020

Mark S. Cherry, Esq.
385 Kings Highway North
Cherry Hill, NJ 08034

Ramanjit K. Chawla
Deputy Attorney General
Division of Taxation
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey 08625-0106

> Re: Saint Joseph Contractor Corp. v. Director, Division of Taxation
> Docket No. 009715-2019
>
> Luis & Yanet P. Barboza v. Director, Division of Taxation
> Docket No. 009723-2019

Dear Counsel:

This letter constitutes the court's opinion with respect to the Director, Division of Taxation's motion to dismiss the within complaints, with prejudice, for lack of subject-matter jurisdiction pursuant to R. 4:6-2(a). For the reasons explained more fully below, the Director's motion is granted.

\*






I.        Procedural History and Findings of Fact

On May 18, 2018, the Division of Taxation (the "Division") sent a Notice of Assessment related to final audit determination assessing $15,343.12 additional corporate business tax and sales and use tax against plaintiff, Saint Joseph Contractor Corp.  On the same date, the Division sent a final determination to plaintiffs, Luis Barboza and Yanet P. Barboza assessing gross income tax in the amount of $10,622.14 as a result of the audit.  Both notices informed the plaintiffs that, "[i]f, after you review this notice you disagree with the Division, you may submit a written protest and a request for a hearing (if a hearing is desired) within 90 days of this notice."

Under date of August 27, 2018, plaintiffs' representative filed a Protest and Request for a Hearing.  On September 25, 2018, the Division informed the plaintiffs that the respective notices assessing additional tax were dated May 18, 2018 and mailed on May 19, 2018.  The denial further noted that the time to file an appeal expired on August 17, 2018 and that the request for a hearing had not been timely filed.  As a result, the Division denied the request for a hearing.  The notices further informed plaintiffs that they had the right to file a complaint with the Tax Court of New Jersey to appeal the denial "within 90 (ninety) days from the date of" the notice, which was September 25, 2018.

On June 13, 2019, plaintiffs filed their complaints in Tax Court.  The Director now moves to dismiss plaintiff's complaint with prejudice pursuant to R. 4:6-2(a) on the basis that both the initial protests and the complaints in Tax Court were untimely.  The Director thus argues that the court lacks subject matter jurisdiction to consider the merits of plaintiff's tax appeal.

Plaintiffs' opposition acknowledges that their request for a conference was untimely. Plaintiffs assert that their inability to promptly obtain proofs to support their claim for relief resulted in them "unintentionally and mistakenly" missing the deadline for filing the protest, and

2

that they were left with no choice but to file their complaints in Tax Court. Plaintiffs do not provide any explanation for the delay in filing the Tax Court complaints. Plaintiffs ask that the court "relax the [s]tatute of [l]imitations and accept the protest and/or [c]omplaint as timely."

II.     Conclusions of Law

N.J.S.A. 54:32B-21(a) of the Sales and Use Tax Act specifies that, "[a]ny aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of Taxation made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R. S. 54:48-1 et seq."

Furthermore, N.J.S.A. 54:32B-21(b) directs that "[t]he appeal provided by this section shall be the exclusive remedy available to any taxpayer for review of a decision of the director in respect of the determination of the liability of the taxpayer for the taxes imposed by this act." Ibid. N.J.S.A. 54:51A-14(a) of the State Uniform Tax Procedure Law governing appeals to the Tax Court requires that "all complaints be filed within 90 days after the date of the action sought to be reviewed." Ibid.

The 90-day filing limitation is repeated in R. 8:4-1(b) which clearly states that "[c]omplaints seeking to review actions of the Director of the Division of Taxation with respect to a tax matter . . . shall be filed within 90 days after the date of the action to be reviewed." The ninety-day time period is calculated from the "date of service of the decision or notice of the action taken." R. 8:4-2(a). The statutory time periods incorporated in the New Jersey Court Rules are jurisdictional. McMahon v. City of Newark, 195 N.J. 526, 530 (2008). They are not within the "relaxation power of the Tax Court." Pressler & Verneiro, Current N.J. Court Rules, Comment 1 on R. 8:4-1 (GANN) (2020) (citations omitted).

A "failure to file a timely appeal is a fatal jurisdictional defect" and if a plaintiff fails to file within the prescribed time frame, that plaintiff is proscribed from an appeal in the Tax Court and any consideration of its case on the merits. F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 425 (1985). The burden of timely filing falls squarely and solely upon the taxpayer. Slater v. Dir., Div. of Taxation, 26 N.J. Tax 332, 334 (Tax 2012) (citing Dougan v. Dir., Div. of Taxation, 17 N.J. Tax 110 (App. Div. 1997)).

The Supreme Court has noted that "[s]trict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of . . . government." F.M.C. Stores, supra, 100 N.J. at 425. Such time limitations "in tax statutes are strictly construed in order to provide finality and predictability of revenue to state and local government." Bonanno v. Dir., Div. of Taxation, 12 N.J. Tax 552, 556 (Tax 1992) (citing Pantasote, Inc. v. Dir., Div. of Taxation, 8 N.J. Tax 160, 164-166 (Tax 1988)).

The Tax Court has repeatedly dismissed taxpayer's appeals where the 90-day filing limitation has not been observed. See, e.g., Slater v. Dir., Div. of Taxation, supra, 26 N.J. Tax 333-335; Off v. Dir., Div. of Taxation, 6 N.J. Tax 157, 164-166 (Tax 1996); People's Express, Inc. v. Dir., Div. of Taxation, 10 N.J. Tax 417, 424 (Tax 1989).

Here, the Director denied plaintiffs' request for a hearing on September 25, 2018. Plaintiffs' complaints were not filed until more than 8 months later on June 13, 2019. The time within which to file a complaint to review the action of the Director expired long before June 13, 2019. As a result, this court has no jurisdiction to hear plaintiffs' appeals. In as much as the court finds that the complaints are untimely, there is no need to review the Division's position that the protests filed by plaintiffs were also untimely.

III.    Conclusion

Plaintiffs' failure to file their complaints within 90 days of the action of the Division is fatal to this court's consideration of plaintiff's complaint.  The court lacks jurisdiction to consider the merits of this action.

The Division's motion to dismiss the complaints is granted.  The complaints are dismissed with prejudice.

Very truly yours,

Kathi F. Fiamingo, J.T.C.