NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

March 22, 2021

VIA eCourts
Joseph A. Palumbo
Deputy Attorney General
Gurbir S. Grewal, Attorney General of N.J.
Attorney for defendant

VIA eCourts
David S. DeWeese, Esq.
The DeWeese Law Firm
Attorneys for plaintiff

> Re: Westside Saloon, LLC vs Director, Division of Taxation
> Docket No. 013582-2018

Dear Counsel:

This letter constitutes the court's opinion with respect to the Director, Division of Taxation's motion for summary judgment to dismiss plaintiff's complaint with prejudice for lack of subject-matter jurisdiction pursuant to R. 4:6-2(a). For the reasons explained more fully below, the Director's motion is granted.

I.     Procedural History and Finding of Fact

Westside Saloon, LLC ("plaintiff") is a seasonal restaurant and bar in West Wildwood, New Jersey. In 2016 the Division of Taxation attempted to audit the plaintiff. After several attempts to contact the plaintiff to conduct an audit, on April 24, 2017 the auditor sent plaintiff correspondence advising that an estimated arbitrary assessment would be generated due to






plaintiff's unresponsiveness. The auditor requested that plaintiff respond within thirty (30) days, but after no response the estimated assessment was sent to billing.

On or about July 27, 2017, the Division of Taxation ("Division") issued a Notice of Assessment Related to Final Audit Determination assessing Sales and Use Tax ("SUT") for April 2013 through March 2017 and Corporate Business Tax ("CBT") for January 2013 through December 2016, as well as associated penalties and interest, totaling $237,039.29. The Final Audit Determination contained the following language:

> If you disagree with this notice, you may either (1) submit a written protest and request for an informal hearing with the Conference and Appeals Branch within 90 days of the date of this notice, or (2) file a complaint (with the required fee) with the Tax Court of New Jersey.

In addition, the Final Audit Determination stated:

> The Tax Court must receive the complaint, along with the required fee relative to this determination, within 90 days from the date of this notice in accordance with the provisions of N.J.S.A 54A:9-10 and 54:51A-13 et seq.

When the Division couldn't get a confirmation for the certified mailing of the Notice, it resent the notice by regular mail on August 9, 2017.

On December 18, 2017 the Division, through Pioneer Credit Recovery, began its efforts to collect the outstanding liability associated with the Final Audit Determination. Letters dated December 18, 2017, March 9, 2018, April 3, 2018, April 12, 2018, and a final warning visitation on June 18, 2018, all informed the plaintiff of the severity of the situation and demanded compliance with the Final Audit Determination. By April 5, 2018 the Division obtained a warrant of execution against Michael J. McCoy, owner of plaintiff. Further, by the April 12, 2018 letter, the Division advised plaintiff that a warrant of execution had issued and that levies on plaintiff's bank account were served.

On July 9, 2018, plaintiff mailed a letter in protest of the SUT assessment to the Conference and Appeals Branch of the Division. The letter was mailed 347 days after the date of the Notice of Assessment Related to the Final Audit Determination. The Conference and Appeals Branch denied plaintiff's request to reopen the audit due to expiration of the ninety-day protest period.

On October 29, 2018, plaintiff filed a complaint in Tax Court. The Division now moves for summary judgment to dismiss plaintiff's complaint with prejudice pursuant to R. 4:6-2(a) on the basis that the complaint was untimely filed. Plaintiff filed opposition to the Division's motion.

## II.     Standard of Review

R. 4:46-2(c) provides the standard to be applied in motions for summary judgment, stating, in pertinent part, as follows:

> [J]udgment…shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact. R. 4:46(c).

The trial court's "function is not . . . to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The trial judge must consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party." Ibid.

A motion for summary judgment should be denied when the party opposing the motion submits credible evidence that creates a genuine issue as to any material fact. Brill, 142 N.J. at

3

529. A court should only grant summary judgment "when the evidence 'is so one-sided that one party must prevail as a matter of law.'" Id., 142 N.J. at 540 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, (1986)). "[T]he party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor." School Alliance Ins. Fund v. Fama Constr. Co., 353 N.J. Super. 131, 135-136 (Law Div. 2001) (citing Anderson, 477 U.S. at 256-57). All material facts submitted by the movant which are sufficiently supported are to be deemed admitted unless the other party specifically disputes such facts. See R. 4:46-2(b).

Here, plaintiff argues that Division's motion should be denied because it failed to include a statement of material facts when it filed the motion. The court does note that R. 4:46-2(a) does state the court may dismiss a motion for summary judgment if it's missing a statement of material facts. In response to this argument, Division uploaded the statement of material facts and indicated that it was inadvertently omitted. It was clearly referenced in the notice of motion and brief filed previously. The court finds that Division's omission does not warrant dismissal or denial of the within motion.

Further, the court finds the competent material facts as set forth above. These facts were not disputed by the parties.

III.    Conclusion of Law

N.J.S.A. 54:32B-21(a) of the Sales and Use Act specifies that, "[a]ny aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of Taxation made pursuant to the provision of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R. S. 54:48-1 et seq."

4

Furthermore, N.J.S.A. 54:32B-21(b) directs that "[t]he appeal provided by this section shall be exclusive remedy available to any taxpayer for review of a decision of the director in respect of the determination of the liability of the taxpayer for the tax for the taxes imposed by this act." Ibid.

In addition, the State Tax Uniform Procedure Law, at N.J.S.A. 54:49-18(a) provides:

> If any taxpayer shall be aggrieved by any finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by himself or his duly authorized agent, certified to be true, which shall set forth the reason therefor, and may request a hearing. Thereafter the director shall grant a hearing to the taxpayer, if the same shall be requested and shall make a final determination confirming, modifying or vacating any such finding or assessment.
>
> [Ibid.]

Finally, N.J.S.A. 54:51A-14(a) of the State Uniform Tax Procedure Law governing appeals to the Tax Court requires that "all complaints be filed within 90 days after the date of the action sought to be reviewed."

The 90-day filing limitation is repeated in R. 8:4-1(b) which clearly states that "[c]omplaints seeking to review actions of the Director of the Division of Taxation with respect to a tax matter…shall be filed within 90 days after the date of the action to be reviewed." The ninety-day time period is calculated from the "date of service of the decision or notice of the action taken." R. 8:4-2(a). The statutory time periods incorporated in New Jersey Court Rules are jurisdictional. McMahon v. City of Newark, 195 N.J. 526, 530 (2008). They are not within the "relaxation power of the Tax Court." Pressler & Verneiro, Current N.J. Court Rules, Comment 1 on R. 8:4-1 (GANN) (2015) (citations omitted).

A "failure to file a timely appeal is a fatal jurisdictional defect" and if a plaintiff fails to file within the prescribed time frame, that plaintiff is proscribed from an appeal in the Tax Court and any consideration of its case on the merits. F.M.C. Stores v. Borough of Morris Plains, 100

5

N.J. 418, 425 (1985). The burden of timely filing falls squarely and solely upon the taxpayer. Slater v. Dir., Div. of Taxation, 26 N.J. Tax 332, 334 (Tax 2012) (citing Dougan v. Dir., Div. of Taxation, 17 N.J. Tax 110 (App. Div. 1997).

The Supreme Court has noted that "[s]trict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxations and the administration of government." F.M.C. Stores, supra, 100 N.J. at 425. Such limitations "in tax statutes are strictly construed in order to provide finality and predictability of revenue to state and local government." Bonanno v. Dir., Div. of Taxation, 12 N.J. Tax 552, 556 (Tax 1992) (citing Pantasote, Inc. v. Dir., Div. of Taxation, 8 N.J. 160, 164-166 (Tax 1988)).

The Tax Court has repeatedly dismissed taxpayer's appeals where the 90-day filing limitation has not been observed. See, e.g., Slater v. Dir., Div. of Taxation, supra, 26 N.J. Tax 333-335; Off v. Dir., Div. of Taxation, 6 N.J. Tax 157, 164-166 (Tax 1996); People's Express, Inc. v. Dir., Div. of Taxation, 10 N.J. Tax 417, 424 (Tax 1989).

Here, the Director sent the Notice of Assessment Related to Final Audit Determination on July 27, 2017. Further, as no confirmation of certified mailing was available to the Division, a copy of the notice was re-sent via regular mail on August 9, 2017. Neither of the notices was returned to the Division. Plaintiff does not contest the mailing of the notices nor does it argue that it didn't receive these notices, only stating the owner received the notice on a date uncertain. It was not until July 9, 2018, 347 days after the Notice was mailed, that plaintiff mailed a protest to the Final Audit Determination. Even if the court were to consider the August 9, 2017 mailed notice, plaintiff's protest is 334 days after the mailing. These protests fell well outside the 90-day deadline to appeal to the Conference and Appeals Branch of the Division, as provided by N.J.S.A. 54:49-18(a).

Further, the subsequent appeal by plaintiff to this court is also untimely. This appeal was filed after the Division denied the appeal to the Conference and Appeals Branch, much later than the 347 days mentioned above. As stated in N.J.S.A. 54:32B-21(a), N.J.S.A. 54:51A-14(a), and R. 8:4-1(b), an appeal to the Tax Court of the Division's determination was to be filed 90 days after the action to be reviewed, which is the Final Determination. The Notice of Assessment Related to Final Determination clearly laid out that plaintiff had 90 days to either file an appeal with the Division or to directly file with Tax Court. While plaintiff doesn't contest that it filed after the deadline, it does argue that the court should use its equitable powers to deny the motion and hear the underlying tax matter. However, as discussed above, an untimely appeal is a fatal jurisdictional defect and the time to file is to be strictly adhered to. Therefore, the court finds that plaintiff's complaint was filed after the 90 day required by statute and that the court lacks jurisdiction to hear the complaint as a result.

IV.     Conclusion

Plaintiffs' failure to file a protest or complaint within 90 days of the action of the Director is fatal to this court's consideration of plaintiff's complaint. The court lacks jurisdiction to consider the merits of this action.

The Director's motion for summary judgment to dismiss the complaint is granted.

Very truly yours,

/s/  Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.

7