**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0286-21

NIKON, INC.,

     Plaintiff-Respondent,

v.

SIMON DOUEK,

     Defendant-Appellant.

_____

Submitted June 8, 2022 – Decided July 27, 2022

Before Judges Gilson, Gooden Brown, and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DJ-123295-16.

McManimon, Scotland & Baumann, LLC, attorneys for appellant (Anthony Sodono, III, and Sari B. Placona, on the briefs).

Mellinger Kartzman, LLC, attorneys for respondent (Steven A. Jayson and Steven P. Kartzman, on the brief).

PER CURIAM

Defendant Simon Douek appeals from an order denying his motion to discharge pursuant to N.J.S.A. 2A:16-49.1 a judgment lien held by plaintiff Nikon Inc. (Nikon) and a September 17, 2021 order denying his motion for reconsideration. We affirm.

I.

On June 16, 2016, the Supreme Court of the State of New York, County of Suffolk, issued a $697,418.28 judgment in favor of plaintiff Nikon against defendant. Nikon docketed the judgment in the Superior Court of New Jersey on July 14, 2016.

Defendant filed in the United States Bankruptcy Court, District of New Jersey, a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 25, 2017. In the petition, defendant stated he had a fifty-percent interest in real property located in Allenhurst, New Jersey. Defendant claimed the property had a total value of $2,300,000 and that three mortgages encumbered $1,847,340.78 of that total value. Thus, at the time he filed the petition, defendant's equity interest in the remaining value of the property was $226,329.61. In the petition, defendant exempted $23,675 of his equity pursuant to 11 U.S.C. § 522(d)(1), leaving to the bankruptcy estate (the Estate) an equity value in the property of $202,654.61. The day after defendant filed the petition,

A-0286-21

the Bankruptcy Court appointed a trustee to administer the Estate.  On January 3, 2018, defendant received a discharge of his debts pursuant to section 727 of the Bankruptcy Code.  See 11 U.S.C. § 727.

On June 27, 2018, the Court entered a settlement agreement and consent order executed by defendant and the trustee.  Plaintiff was not a party to the agreement.  As memorialized in the settlement agreement, defendant and the trustee agreed defendant would pay the Estate $175,000 in full and final settlement of the Estate's rights to the property.  With that agreement, defendant was able to avoid the forced sale of the property by the trustee.  On August 21, 2019, the trustee filed a notice of abandonment of the Estate's interest in the property, describing the property as having an "inconsequential" value.

On December 30, 2019, defendant filed in the Bankruptcy Court a motion to avoid and discharge judgments, including plaintiff's judgment, and any liens arising from those judgments, pursuant to section 544 of the Bankruptcy Code. See 11 U.S.C. § 544.  In his supporting brief, defendant acknowledged a bankruptcy discharge results in a discharge of a debtor's personal obligation on a debt to the judgment creditor but the judgment creditor's docketed lien against property owned by the debtor before he filed the bankruptcy petition remains. If granted, defendant's motion would have had the effect of discharging

3

plaintiff's lien and leaving plaintiff, with other remaining creditors, to recover a share of the Estate's value after secured claims were paid. After plaintiff's counsel objected to defendant's motion as being procedurally improper, defendant withdrew the motion as to plaintiff.

On or about February 3, 2020, defendant moved in the Superior Court for an order pursuant to N.J.S.A. 2A:16-49.1 to cancel and discharge plaintiff's judgment lien. N.J.S.A. 2A:16-49.1 provides that one year after a bankruptcy discharge, a debtor may apply to a court where a judgment has been docketed for an order canceling and discharging the judgment. The judgment should be canceled and discharged "[i]f it appears . . . [the debtor] has been discharged from the payment of that judgment or the debt upon which such judgment was recovered." Ibid. But,

> [w]here the judgment was a lien on real property owned by the [debtor] prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity . . . .
>
> [Ibid.]

Defendant argued the court had to discharge plaintiff's judgment lien because plaintiff had not executed and levied on the property and because the property

A-0286-21

was subject to the trustee's avoidance pursuant to section 544 of the Bankruptcy Code.  See 11 U.S.C. § 544.

While defendant's motion was pending, plaintiff filed in the Bankruptcy Court an amended proof of claim in which it left the "Secured Claim" section blank.  According to plaintiff's counsel, plaintiff filed the amended claim at the trustee's request "for the purpose[] of [the trustee] being able to administer the [Estate], and make a distribution from the [E]state."

In a decision placed on the record on April 30, 2020, Judge James J. McGann denied defendant's discharge motion, finding plaintiff's lien had survived defendant's bankruptcy "to the extent of . . . [d]efendant's equity" in the property above the $23,675 exemption under 11 U.S.C. § 522(d)(1).  The judge recognized defendant's bankruptcy operated to discharge the underlying debt in plaintiff's judgment, meaning plaintiff could not pursue collection of the debt through, for example, a wage execution or bank levy but found plaintiff was "free to proceed in rem."  The judge held the trustee could not have avoided the remaining balance of the lien and, consequently, defendant could not avoid it and it was not subject to discharge.  He issued an order denying the motion on May 7, 2020.  In an order dated September 17, 2021, the judge denied defendant's motion for reconsideration, finding unpersuasive defendant's

A-0286-21

interpretation of and reliance on an unrelated, unpublished Appellate Division decision issued after his initial decision.

Five days after Judge McGann issued his initial decision, defendant moved in the Bankruptcy Court for an order that would "clarify" the settlement and consent order between defendant and the trustee by stating that defendant's property had been abandoned "free and clear of all judgment liens" pursuant to 11 U.S.C. § 544; defendant had paid to the trustee any equity he had in the property; and plaintiff's lien was void because plaintiff's amended proof of claim demonstrated plaintiff's claim was not secured.

While that motion was pending, plaintiff filed in the Bankruptcy Court another amended proof of claim, listing its judgment as "partially secured"; describing the "nature of property or right of setoff" as "Real Estate," specifically a "Lien Against Non-Estate (Abandoned) Real Property"; and asserting a secured claim of $202,654.65 against the property and an unsecured claim of $494,763.63.

In a decision placed on the record on December 1, 2020, the Bankruptcy Court denied defendant's motion and granted plaintiff leave to amend its proof of claim. The Bankruptcy Court held (i) the settlement agreement clearly was between defendant and the trustee and those parties could not and did not in that

6

agreement impact the validity of plaintiff's lien; (ii) plaintiff could file an amended claim bifurcating its claim as being partially secured by the property in the amount of $202,654.65 and partially unsecured in the remaining amount of $494,763.63; and (iii) defendant's arguments were barred by Judge McGann's decision, with which the Bankruptcy Court agreed, finding it would not have granted an avoidance of plaintiff's lien given the amount of equity the Estate had in the property before the settlement agreement. The Bankruptcy Court also found unpersuasive defendant's interpretation of and reliance on the unpublished Appellate Division decision issued after Judge McGann's initial decision. The Bankruptcy Court issued an order on February 16, 2021, denying defendant's motion, bifurcating plaintiff's claim into secured and unsecured claims, discharging defendant's in personam obligation regarding plaintiff's secured claim but allowing plaintiff's secured claim to pass through defendant's bankruptcy as an in-rem lien against defendant's interest in the property, and fixing the judgment lien at $202,654.65.

Two days later, defendant appealed that order to the United States District Court for the District of New Jersey. In a written opinion, the District Court affirmed the Bankruptcy Court's order. See Douek v. Nikon, Inc. (In re Douek), No. 21-02983, 2022 U.S. Dist. LEXIS 13098 (D.N.J. Jan. 25, 2022). The

District Court held the Bankruptcy Court had not abused its discretion in allowing plaintiff to file an amended proof of claim; had correctly determined that defendant's $175,000 payment under the settlement agreement did not reduce the amount of plaintiff's $202,654.61 judgment lien, the value of which was determined at the time defendant had filed the bankruptcy petition, which was before he entered into the settlement agreement with the trustee[1]; and had correctly found sections 502 and 506 of the Bankruptcy Code did not convey to defendant a right to avoid plaintiff's lien, see 11 U.S.C. §§ 502, 506. The District Court concluded plaintiff's claim was an "allowed secured claim." Douek, 2022 U.S. Dist. LEXIS 13098, at *21.

On appeal, defendant relies on the unrelated, unpublished Appellate Division case issued after Judge McGann's initial decision and argues the judge erred in failing to discharge and cancel plaintiff's lien.

II.

We review a trial court's legal determinations de novo. Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019); see also Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (finding a "trial court's

---

[1] The District Court calculated the lien to be $202,654.61 and noted the four-cent discrepancy between its calculation and the parties' calculations. Id. at *19 n.7.

interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference").  We review under an abuse-of-discretion standard a denial of a reconsideration motion.  Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

Defendant bases his appeal largely on his interpretation of an unpublished Appellate Division decision unrelated to this case that was issued after Judge McGann's initial decision.  Defendant's interpretation of that case was rejected by Judge McGann and by the Bankruptcy Court.  More important, his reliance on that case in this appeal is misplaced because pursuant to Rule 1:36-3, the case has no precedential value and is not binding on any court.  As we stated in Badiali v. New Jersey Manufacturers Insurance Group, 429 N.J. Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015), "as a general matter, unpublished opinions are not to be cited by any court absent certain specified circumstances."  None of those circumstances apply to the unrelated, unpublished case on which defendant extensively relies.

We see no basis to depart from the conclusions reached by the Bankruptcy Court and the District Court in affirming the Bankruptcy Court.  We recognize those decisions are unpublished, but they relate directly to the parties, the bankruptcy, and the issues before us and, accordingly, our citations to them "are

appropriate not only to provide a full understanding of the issues presented but also because their citations herein meet the 'any other similar principle of law' exception" of Rule 1:36-3.  Badiali, 429 N.J. Super. at 126 n.4 (quoting R. 1:36-3).

Unlike Judge McGann when he issued his initial decision, we have the benefit of hindsight and the subsequently-issued decision of the Bankruptcy Court and the affirming decision of the District Court.  The Bankruptcy Court held plaintiff could file an amended proof of claim, bifurcating its claim between a $494,763.63 unsecured claim and a $202,654.65 secured claim.  The District Court affirmed that decision.  Thus, plaintiff had a secured lien.  As expressly set forth in its order denying defendant's motion to clarify the settlement, declare defendant's property free of all judgment liens, and declare plaintiff's lien void, the Bankruptcy Court discharged defendant's in personam obligation regarding plaintiff's secured claim but allowed plaintiff's secured claim to pass through defendant's bankruptcy as an in-rem lien against defendant's interest in the property.  The District Court affirmed that decision.

We see no basis to take a different position on those issues.  "Although the Bankruptcy Court does not have exclusive jurisdiction of matters involving dischargeability in bankruptcy, . . . the Bankruptcy Court is most qualified to

deal with the issue [because t]he question of dischargeability is an everyday issue in that court which has significant expertise." Cohen v. Dir., Div. of Tax'n, 19 N.J. Tax 58, 64 (Tax 2000); see also D'Atria v. D'Atria, 242 N.J. Super. 392, 409 (Ch. Div. 1990) ("It is not this Court's function . . . to displace the Bankruptcy Court in the fair administration of the assets of the debtor before it.").

We affirm Judge McGann's order denying defendant's motion to discharge plaintiff's judgment lien pursuant to N.J.S.A. 2A:16-49.1 and his subsequent order denying defendant's motion for reconsideration. N.J.S.A. 2A:16-49.1 does not allow for the discharge of a judgment lien where – as here – the lien "may be enforced" because "the judgment was a lien on real property owned by the [debtor] prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0286-21